Serrano et al., Demandantes y Apelantes, *v.* Central Cambalache et al., Demandados y Apelados.

Apelación procedente de la Corte de Distrito de Arecibo en causa sobre acción negatoria de servidumbre y otros extremos.

No. 1394.—Resuelto en marzo 30, 1916.

Negatoria de Servidumbre—Servidumbres—Demanda Suficiente—Alegaciones Esenciales—Fundo Indiviso—Partícipes o Comuneros—Consentimiento.— Una demanda en que se ejercita la acción negatoria de servidumbre es sufi-ciente si alega que los demandantes son condueños de la finca y que no han dado su consentimiento para que la servidumbre se estableciera, porque esas son las alegaciones esenciales de acuerdo con el artículo 604 del Código Civil.

Los hechos están expresados en la opinión.

Abogado de los apelantes: Sr. R. *Agrait Aldea.*

Abogados de los apelados: Sr. *Félix Santoni.*

El Juez Asociado Sr. Aldrey, emitió la opinión del tri-bunal.

Los apelantes son los demandantes en una acción negato-ria de servidumbre establecida contra la Central Cambalache y Avelino Cruz Rodríguez en la cual alegaron sustancialmente lo siguiente:

I. La capacidad de los demandantes y de los demandados, siendo la "Central Cambalache" una corporación insular de carácter privado que hace negocios y está constituída de acuerdo con las leyes del país.

II. Que los demandantes son dueños de un condominio re-

presentado por una novena parte en el valor de una finca que describieron.

III. Que el condominio lo hubieron por herencia de su madre Juliana Cruz Rodríguez, fallecida en 1900, quien era dueña en común y proindiviso de la finca en unión de ocho hermanos más, cuyos nombres se expresan, herederos todos de los esposos Julián Cruz y Eugenia Rodríguez.

IV. Que la Central Cambalache posee un ferrocarril privado que hace el recorrido por vías que comunican su factoría con diversas fincas y colonias de la corporación.

V. Que el expresado ferrocarril pasa diariamente por una vía fija que está tendida en el suelo de la mencionada finca que ocupa un ancho de tres metros, la secciona en dos partes, la transforma en impropia para una debida y adecuada explotación y la convierte en predio sirviente de la central demandada.

VI. Que el demandado Avelino Cruz, que es condueño y se halla al frente de la finca, autorizó a la central por su propia cuenta para tender la vía y ha venido permitiendo, sin el consentimiento de los demandantes, que por ella transiten los trenes de la Central Cambalache, imponiendo así un gravamen sobre el condominio de los demandantes, en contra de la voluntad de éstos.

VII. Que el valor de la faja de terreno que ocupa la vía y el uso y disfrute que de ella hace la central asciende a quinientos dólares.

La demanda termina con la súplica de que se declare: 1°., que sobre la finca no pesa servidumbre alguna a favor de la central demandada sin que los condueños demandantes otorguen título a favor de la corporación; 2°., que es nulo el convenio celebrado entre los dos demandados para la instalación de vía y paso de trenes por la finca; 3°., que la Central Cambalache se abstenga de circular sus trenes por esa finca y levante la vía que está en ella, y 4°., que los demandados paguen las costas.

Esa demanda fué excepcionada por los demandados fun-

dándose en que no aduce hechos suficientes para determinar una causa de acción y habiendo la corte sostenido la excepción, los demandantes pidieron que se dictase sentencia, y en efecto se dictó declarando sin lugar la demanda, y contra ella interpusieron el recurso de apelación que consideramos.

Entendemos que la demanda es suficiente porque ejercitándose en ella una acción negatoria de servidumbre, y disponiendo el artículo 604 del Código Civil que para imponer una servidumbre sobre un fundo indiviso se necesita el consentimiento de todos los copropietarios y que la concesión hecha solamente por algunos quedará en suspenso hasta tanto que la otorgue el último de todos los partícipes o comuneros, les bastaba a los demandantes alegar como alegaron que son condueños de la finca sobre la que se ha impuesto la servidumbre y que no dieron su consentimiento para ella para tener derecho a que se declare la libertad de la finca. Esas son las alegaciones esenciales en casos ·como el presente y era innecesario alegar, como exigió la corte, que la madre de los demandantes conservó su condominio hasta que murió, que los demandantes fueron declarados sus herederos por título de sucesión legítima o testamentaria ni tampoco la porción que tenía la madre de los demandantes en la finca. En cuanto a las citas que del caso de *Velilla* v. *Pizá,* 17 D. P. R. 1112 y ·otros análogos hace el juez de la corte inferior en su opinión, no tienen aplicación en este caso porque no se ejercita la acción reivindicatoria a que ellos hacen referencia.

La sentencia apelada debe revocarse ordenándose la sustanciación del juicio por sus trámites regulares.

> *Revocada la sentencia apelada, ordenándose la sustanciación del juicio por sus trámites regulares.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Hutchison.