RABELL, DEMANDANTE Y APELANTE, *v.* RODRÍGUEZ ET AL.,
DEMANDADOS Y APELADOS.

APELACIÓN procedente de la Corte de Distrito de Aguadilla
en causa sobre derribo de obra nueva y servidumbres
legales.

No. 1349.—Resuelto en julio 28, 1916.

INJUNCTION—INTERDICTO PARA IMPEDIR LA CONSTRUCCIÓN DE UN EDIFICIO—DE-
MOLICIÓN DE OBRA DE RECIENTE CONSTRUCCIÓN—EQUIDAD.—El procedimiento
de *injunction* ha sustituído en gran parte al antiguo remedio del interdicto
de la Ley Civil para impedir la construcción de un edificio u obtener la
demolición de una obra recientemente construída, rigiéndose tales cuestiones
por los principios generales de equidad.

IMPEDIMENTO O ESTOPPEL—ACTOS PROPIOS.—La doctrina de que nadie puede
ir contra sus propios actos (*estoppel*) es tan conocida para el Código Civil,
como para cualquier corte de equidad.

INJUNCTION—IMPEDIMENTO O ESTOPPEL—DEMOLICIÓN DE OBRAS DE RECIENTE
CONSTRUCCIÓN—INFRACCIÓN DE ORDENANZAS MUNICIPALES—REGLAMENTO DE
SANIDAD.—Un vecino que por semanas o meses observa la construcción de
una casa en un solar contiguo, sin oposición o protesta alguna, no puede
después obtener mandamiento de una corte para la demolición de dicho edi-
ficio simplemente porque los funcionarios municipales o insulares permitieron
ligeras desviaciones en cuanto a la construcción del edificio en exceso · de
cualquier ordenanza o reglamento de sanidad relativos a la materia.

SERVIDUMBRES DE LUCES Y VISTAS—PUERTAS—VENTANAS, BALCONES U OTROS
VOLADIZOS—INTERPRETACIÓN DE ESTATUTOS.—No fué la intención del legis-
lador incluir en el artículo 589 del Código Civil las *puertas* entre las ventanas,
balcones u otros voladizos semejantes que se enumeran en dicho precepto,
pues en caso contrario hubiera hecho mención de las mismas, no dejándolas
sometidas a deducciones.

Los hechos están expresados en la opinión.

Abogados del apelante: *Sres. Carlos Franco Soto* y *José
de Guzmán Benítez.*

Abogado de los apelados: *Sr. Alfredo Blasco Pagán.*

EL JUEZ ASOCIADO SR. HUTCHISON, emitió la opinión del
tribunal.

Los hechos y cuestiones envueltos en este caso y las con-
clusiones de hecho y de derecho a que llegó el juez senten-
ciador aparecen expresados con razonable extensión en la
opinión que por escrito emitió el juez de la corte inferior, la
cual es como sigue:

"Esta es una demanda interpuesta por Narciso Rabell contra los demandados Don Nicolás Rodríguez y el Municipio de San Sebastián, en la que se alega substancialmente: que el demandante y el demandado Nicolás Rodríguez, son mayores de edad y vecinos del pueblo de San Sebastián, P. R., y el Municipio de San Sebastián es una corporación jurídica, creada de acuerdo con los Estatutos de Puerto Rico; que el demandante es dueño de una casa radicada en la calle de Miradero del pueblo de San Sebastián, de mampostería, cubierta de zinc, que mide diez metros de frente, por quince de fondo, y linda por su derecha entrando que es el Norte, casa de Nicolás Rodríguez, por la izquierda y espalda, que es el Sud y el Oeste, respectivamente, el patio de la Casa Consistorial, y por su frente que es el Este. la calle en que radica; que la descrita casa fué edificada, antes del año 1896, por su primitivo antecesor en título, Don Lorenzo Orfilla, sobre un solar que es propiedad del Municipio de San Sebastián, y sobre el cual el demandante por sí y por sus causantes en título, tiene el derecho de usufructo a perpetuidad por concesión otorgada por el Municipio de San Sebastián, otorgándosele tal concesión sin limitación, gravamen, ni servidumbre alguna; que el demandado es dueño de una casa, radicada en las calles de Miradero y Miraflores del Municipio de San Sebastián, semi-alta, de maderas, cubierta de zinc, con letrina, pozo séptico y pozo filtrante de 22 pies 12 pulgadas de frente por 41 pies 9 pulgadas de fondo, en lindes por el Este y el Norte, las calles de Miradero y Miraflores, respectivamente, por el Sud, con la casa del demandante, y Oeste, casa de la sucesión Caballero; dicha casa, de reciente construcción, el demandado la ha construído a sus expensas, durante los últimos seis meses del año 1913, y está edificada sobre un solar de que es dueño el Municipio de San Sebastián, y sobre el cual el dicho demandado tiene el derecho de usufructo por título de concesión otorgada por el Municipio de San Sebastián; pero alega el demandante que tal concesión para la construcción de dicha casa estaba sujeta a determinadas limitaciones o servidumbres legales que en materia de construcción imponen los Reglamentos de Sanidad y Ordenanzas del Municipio de San Sebastián, y tales limitaciones o servidumbres legales no fueron reconocidas por el demandado, ni el Municipio de San Sebastián exigió que se establecieran, siendo nula y sin ningún valor dicha concesión, así como ilegal la forma y modo como ha sido llevada a cabo la construcción de dicha casa por el demandado; que a pesar de que la concesión hecha por el Municipio de San Sebastián para fabricar su casa el demandado, no podía permitir a dicho demandado quebrantar lo establecido y prevenido

por las Ordenanzas vigentes de dicho municipio respecto a construcciones, el referido demandado sin tener en cuenta dichas Ordenanzas, y el citado municipio sin hacerlas cumplir y sin el consentimiento del demandante, levantó el seto lateral del lado Sud de la casa en una longitud de 10 metros 60 centímetros en sentido paralelo al costado Norte de la pared maestra de la casa del demandante a una distancia de dicha pared que varía de 46 centímetros a 1 metro 68 centímetros; que en el seto lateral del lado Sud de la casa descrita en el hecho IV de esta demanda, el dicho demandado tiene abierta una ventana y una puerta dando vistas rectas a la casa del demandante, siendo de un metro 68 centímetros la distancia que media entre la pared lateral de la casa del demandante, y la línea exterior del seto de la casa del demandado que está abierta, y 69 centímetros la distancia de la puerta a dicha pared.   Y alega el demandante que tal gravamen o servidumbre se está usufructuando por el demandado contra la voluntad del demandante, y tiene un valor de más de $500; que asimismo el demandado ha construído en el solar contiguo a la pared lateral del lado Norte de la casa del demandante, una letrina, un pozo séptico y un pozo filtrante a una distancia que varía de 39 a 46 centímetros de dicha pared lateral de la casa del demandante a la línea exterior de la pared de dicha letrina y pozos; y alega el demandante que para la construcción de la letrina y pozos el demandado ha hecho excavaciones a más de un metro de profundidad y que tal gravamen o servidumbre a distancia se está usufructuando por dicho demandado contra la voluntad del demandante y tiene un valor de más de $1,000; que el Municipio de San Sebastián tiene preparado un plano de los terrenos ya urbanizados comprendidos en su término municipal, cuyo plano ha sido aprobado por el Director de Sanidad; y alega el demandante que en dicho plano están comprendidas las calles de Miradero y Miraflores, y dicho Municipio de San Sebastián, sabiendo que las referidas calles tienen una anchura inferior a diez metros, ha permitido ilegalmente que el demandado construya la casa descrita en el hecho IV de esta demanda, a una distancia menor de 5 metros a contar del eje de dichas calles, y asimismo dicha casa ha ocupado toda el área del solar concedido por dicho municipio sin dejar un 20 por ciento por lo menos en relación con el área edificada.

"Los demandados, por representación de su abogado Alfredo Blasco Pagán, contestaron la demanda, alegando: que admiten el hecho primero de la demanda, en lo que se refiere a la vecindad y capacidad de las partes litigantes; que niegan todos y cada uno de los demás hechos y alegaciones de la demanda; y como materia nueva de

oposición; que en virtud de concesión hecha al demandado Rodríguez por el co-demandado el Municipio de San Sebastián, dicho Rodríguez, sin perjuicio del demandante, y en uso de un derecho que le fué concedido, fabricó a sus expensas una casa de madera y zinc en la calle de Miradero y Miraflores de San Sebastián, y cuyo edificio fué construído a ciencia y paciencia del demandante, y sin que éste opusiera la menor resistencia u objeción; y que terminado que fué dicho edificio, y siendo así que reunía todas las condiciones legales y luego de inspeccionado por la sanidad, le fué concedido el habitarlo y cuyo acto fué llevado a efecto.

"Celebrado el juicio, la corte dictó sentencia declarando con lugar la demanda solamente en cuanto al particular 'de que el demandado Nicolás Rodríguez tiene abierta una ventana con vistas rectas a la casa del demandante siendo de un metro 68 centímetros la distancia que media entre la pared lateral de dicha casa y la línea exterior del seto de la casa del demandado en que está abierta la ventana, desestimando dicha demanda en cuanto a los demás extremos de la misma; por todo lo cual se ordena que dicho demandado Nicolás Rodríguez tapie dentro de quinto día la ventana construída en el seto Sud de la referida casa, sin hacer especial condenación de costas.

"Esta sentencia está sostenida por la prueba practicada a instancia de ambas partes litigantes, documental y de testigos. Aparece de esa prueba, conjuntamente examinada, que el demandado Nicolás Rodríguez construyó la casa de referencia ajustándose a los requisitos y de más particulares exigidos por el Municipio de San Sebastián y la Oficina de Sanidad, y sin protestas de ninguna clase por parte del demandante Narciso Rabell durante el período de construcción de dicha casa; no apareciendo tampoco demostrado que dicho demandante haya utilizado ningún recurso adecuado en ley para obtener la suspensión o la paralización de los trabajos de la ameritada casa, no obstante de encontrarse presente dicho demandante en el pueblo de San Sebastián cuando se estaba construyendo la casa y de tener, por lo tanto, conocimiento de los trabajos que realizaba el demandado Nicolás Rodríguez; no pudiendo ahora el demandante volver contra actos celebrados y consentidos por el mismo demandante. Aparece también de la prueba que dicho demandante no hizo ninguna gestión cerca del Municipio de San Sebastián que autorizó al demandado Rodríguez para fabricar su casa ni ante la oficina de Sanidad, para impedir la construcción de dicha casa, o exigir que se construyese ésta observándose, como él alega, las prescripciones u ordenanzas de dicha corporación. Del mismo modo, es un hecho

probado sin contradicción, que el demandado Rodríguez, después de terminada la construcción de la casa, ocupó ésta por autorización expresa de las autoridades de Sanidad y sin reparo del municipio, lo cual implica la aceptación por parte de éstos de que dicho demandado se había ajustado a las reglas y disposiciones emanadas de dichos centros, en la fabricación de la casa.

"Las alegaciones hechas por el demandante bajo los números IV, V, VII y VIII, no están sostenidas por la prueba, ya que dicho demandante omitió introducir la mejor prueba en este caso, cual es las ordenanzas municipales del pueblo de San Sebastián, las que, según el referido demandante, contienen las limitaciones o servidumbres legales impuestas en materia de construcción. La corte no tiene conocimiento judicial de las referidas ordenanzas con arreglo al artículo 36 de la Ley de Evidencia en procedimientos civiles de 9 de marzo de 1905. La corte de paz, digo, sólo las cortes de paz, especialmente establecidas para conocer originalmente de la infracción a las ordenanzas municipales, son las que por implicación tienen que tener conocimiento judicial de dichas ordenanzas. No sabemos, pues, lo que disponen esas ordenanzas a que alude el demandante en su demanda; pero asumiendo que tales ordenanzas contuviesen las limitaciones o servidumbres legales impuestas, en materia de construcción, que se alega en dicha demanda, y que el Municipio de San Sebastián hubiera dejado de cumplimentarlas, o que hubiera permitido que el co-demandado Nicolás Rodríguez las dejara incumplidas, tal acción u omisión realizada por el referido municipio, solamente daría lugar, con arreglo al artículo 1803 del Código Civil Revisado, a la obligación de reparar el daño causado, aun dando por probado, que no lo está, que se hubiera ocasionado un daño al demandante, y que el daño se causó interviniendo culpa o negligencia por parte del municipio, lo que tampoco resulta probado, siempre llegaríamos a la conclusión de que no habiéndose alegado en la demanda ni versado el debate sobre este punto, no podemos ahora alterar sus términos para apreciar y tomar en consideración una cuestión que no ha sido planteada ni discutida en el juicio. Nos parece fuera de toda duda, la improcedencia de la acción ejercitada en la demanda por el demandante contra el municipio, ya que partiendo del supuesto de estar probados los hechos que se alegan haber sido realizados por dicho municipio, no se deriva de la ejecución de los mismos, que la casa construída por el co-demandado Nicolás Rodríguez deba ser destruída, ni que éste debe responder de actos realizados por otro, sin su culpa o negligencia, ya que en definitiva no se trata en este caso, ni de las

pruebas aportadas al juicio aparece por inferencia que la casa cons-
truída constituye un *nuisance* o estorbo público que debe ser remo-
vido con arreglo a la ley. Si el Municipio de San Sebastián dejó
en una forma o en otra de ajustar sus actos oficiales, como tal cor-
poración a lo que las ordenanzas municipales respecto a construcción
civil urbana, y si la Dirección de Sanidad dejó de ajustarse a las
leyes y reglamentos sanitarios en la misma materia, cuestiones son
éstas que han debido ser planteadas en otros términos mediante el
ejercicio de otras acciones adecuadas al remedio procedente en estos
casos, independientemente de la personalidad del demandado Nicolás
Rodríguez, que en la construcción de su casa se ajustó a los planos
y demás reglas impuestas por dichos centros de la Administración
Pública. Por estas consideraciones entendemos que en este punto
concreto la demanda no ha podido prosperar en contra del Municipio
de San Sebastián, ni de Nicolás Rodríguez.

''En cuanto a la servidumbre de vistas, declara el artículo 589
del Código Civil Reformado, que no se puede abrir ventana con vistas
rectas, ni balcones u otros voladizos sobre la finca del vecino, si no hay
dos metros de distancia entre la pared en que se construyera y dicha
propiedad. Estas distancias según el consiguiente artículo 590, se
contarán en las vistas rectas desde la línea exterior de la pared en
los huecos donde no hay voladizos, y desde la línea recta de éstos,
donde los haya. Comentando estos artículos el Señor Manresa en
su obra 'Comentarios al Código Civil' expone en el tomo 4, pági-
nas 766 y 777 lo siguiente: 'Vistas rectas, o de frente, son aquellas
que se abren en pared paralela a la línea que divide los dos predios
en el que el hombre tiene al usarlos la cabeza en su posición natural;
en ella mira aquél perpendicularmente sobre la línea divisoria entre
la pared y el fundo del vecino. La disposición del artículo tiene algo
de taxativo—ventanas y balcones—y algo demostrativo—u otros vola-
dizos semejantes. Se ha debatido sobre si el precepto es aplicable a
la apertura de *una puerta,* es decir, si el dueño de una edificación
está obligado a someterse a los artículos 582 y 583 (589 y 590 del
Código Civil Revisado) al abrir en pared propia, sobre terreno pro-
pio, *v. gr.* un metro o metro y medio, *una puerta.* El artículo 582
de ninguna manera se refiere a la apertura de *una puerta,* que ade-
más no tiene el destino de dar vistas. La jurisprudencia de los tri-
bunales franceses e italianos han resuelto la cuestión en el sentido
que indicamos.' Resulta de la prueba y de la inspección ocular prac-
ticada por el juez, que el dueño de la casa Nicolás Rodríguez cons-
truyó en la pared lateral de dicha casa una ventana con vistas rec-

tas sobre la casa contigua, propiedad del demandante Narciso Rabell, a una distancia menor de dos metros computada ésta con arreglo al precepto antes citado (art. 590), y siendo esto así es evidente que tal servidumbre de vistas debe desaparecer como contraria a la ley.''

En la súplica de la demanda, y en la parte de la misma a que necesitamos referirnos, se pedía en sustancia que se dictara sentencia:

''I. Declarando que la concesión que en usufructo el Municipio de San Sebastián ha otorgado al demandado Nicolás Rodríguez sobre el solar de que es dueño dicho municipio, es nula y sin ningún valor y que el demandado Nicolás Rodríguez derribe a sus expensas la casa descrita en el hecho IV de esta demanda.

''II. Declarando en otro caso, que la casa del demandante se halla libre de toda servidumbre a favor de la finca de los demandados, decretando en su consecuencia que el demandado Nicolás Rodríguez retire la referida casa de la pared lateral del lado norte de la casa del demandante a una distancia no menor de cuatro metros de dicha pared y ciegue y retire la letrina y pozos séptico y filtrante a una distancia no menor de 10 metros de dicha casa del demandante.

''III. Declarando en otro caso, que el demandado retire la letrina y pozos a la distancia antes expresada y tapie la ventana y puerta construídas en el seto sud de su descrita casa con vistas a la casa del demandante o retire dicho seto lateral del lado sud a una distancia no menor de dos metros de la pared norte de la casa del demandado.''

El único señalamiento de error que se alega es que la corte de distrito no aplicó debidamente varias leyes, ordenanzas y reglamentos y más específicamente la circular dictada por el Gobierno General de la isla en junio 7, 1893, conocida generalmente con el nombre de ''Ley de Zonas,'' en la que se disponía que los distintos ayuntamientos de la isla formaran un expediente para dividir las poblaciones en tres zonas, disponiéndose además, que entre ciertas de estas zonas las casas deberían distar unas de otras por lo menos cuatro metros; una resolución del Concejo Municipal de San Sebastián de fecha agosto 10, 1893, dividiendo el pueblo en zonas, de la cual se hace mención en la relación del caso como que

fué presentada en evidencia y a la que erróneamente se refirió el apelante en su alegato como que se encuentra agregada a los autos; y varios reglamentos de sanidad.

Aunque se dice incidentalmente que la corte inferior cometió error al no ordenar el cierre de la puerta, así como de la ventana en el solar del demandante, no explica el apelante en detalle cómo fué que la corte de distrito dejó de "aplicar," o según se ha dicho otras veces, cómo fué que "infringió" estas leyes, ordenanzas y reglamentos, siendo la única deducción lógica la de que tal infracción u omisión en aplicar éstos debidamente consiste en no haber ordenado dicha corte la demolición o derribo de la casa del demandado recientemente construída y de las reformas sanitarias, o por lo menos la clausura de la puerta utilizada como medio de entrada y salida.

Ni tampoco presenta el apelante de modo claro cómo puede ser que la mera omisión de los funcionarios municipales e insulares en hacer cumplir estrictamente las ordenanzas municipales y los reglamentos de sanidad insular pueda conferirle el derecho de derribar la casa de su vecino que ha sido construída en estricta observancia de los planos y especificaciones que primeramente fueron sometidos a las autoridades municipales y de sanidad y aprobados por éstas, o que establecen en su favor alguna nueva causa de acción que no surge de la usurpación de algún derecho personal o real que la ley reconoce que tiene.

El apelante meramente parece dar por sentado que la circular de 1893 está todavía en toda su fuerza y vigor, acerca de lo cual puede que no esté enteramente equivocado, sino también, y en cuanto a esto sin ninguna razón aparente, que la disposición relativa a la distancia de cuatro metros entre casas situadas dentro de ciertas zonas es una regla positiva, inflexible y absoluta de derecho sustantivo por virtud de la cual los dueños de propiedades comprendidas en la zona prescrita una vez que ésta ha sido establecida por ordenanza municipal, adquirían cierta especie de derecho abs-

tracto, semejante quizás al reservado a los propietarios de
fincas colindantes por las disposiciones del artículo 589 del
Código Civil. Puesto que la cuestión no fué promovida en
la corte inferior o considerada en absoluto por la corte de
distrito que resolvió el caso por otros fundamentos, podemos pasar inmediatamente a la cuestión que en realidad fué
resuelta por la corte sentenciadora, la cual ni siquiera ha
sido mencionada por el apelante en su alegato.

La demanda en tanto hace referencia a este aspecto del
caso con relación al demandado Rodríguez, fué desestimada
únicamente por el fundamento de que el demandado no puede
volver sobre los actos consentidos por él (*estoppel*), si bien
también resolvió la corte que el remedio, de haber alguno,
en lo que respecta al municipio, era mediante una acción de
daños y perjuicios. No se ha alegado ningún error en cuanto
al particular, ni como acabamos de indicar, se ha tratado
en absoluto de la cuestión por el apelante.

Aunque el antiguo remedio del interdicto de la Ley Civil
para impedir la construcción de un edificio u obtener la demolición de una obra recientemente construída ha sido sustituído
en gran parte, sino completamente, en la práctica moderna
por el procedimiento ordinario del *injunction* y tales cuestiones se rigen ahora por los principios generales de equidad, sin embargo, la doctrina de que nadie puede ir contra sus
propios actos (*estoppel*), como ha sido enunciada por el juez
de distrito, es tan conocida para el Código Civil como para
cualquier corte de equidad, y desde uno u otro punto de vista,
la aplicación que de ella se hizo a los hechos en el caso de
autos era enteramente adecuada. Sostener que un vecino
puede permanecer en silencio por semanas o meses, observando la construcción gradual de una casa en un solar contiguo o romper ese silencio a intervalos entrando en conversación agradable con el dueño de la nueva edificación haciendo
comentarios sobre su apariencia atractiva, pero sin mostrar
señal de protesta u oposición, y que luego pueda obtener un
mandamiento de una corte para la demolición de dicha edi-

ficación, simplemente porque los funcionarios municipales o insulares puedan haber permitido ciertas ligeras desviaciones de cualquier ordenanza relativa a construcciones o reglamentos de sanidad produciría tal burla de la justicia que conmovería la conciencia e inteligencia de cualquier buen ciudadano, ya fuere un abogado o un hombre sin profesión. No creemos que sea necesario mayor discusión para que sea sostenida la acción tomada por la corte inferior.

Aunque el demandante en su escrito de apelación no establece limitaciones específicas en su alcance, no creemos que pretenda quejarse de nada de aquello que en la sentencia está en su favor, respecto a lo cual no podría ser oído de ningún modo, y de cuya parte no ha apelado el demandado. Nada resolveremos, por tanto, acerca de la resolución de la corte inferior de que debe cerrarse la ventana.

Aunque se sugiere que la corte de distrito cometió error al no ordenar de igual modo que fuera tapiada la puerta, no se ha citado, sin embargo, ninguna autoridad, ni aducido verdadera razón en apoyo de dicho señalamiento. El artículo 589 del Código Civil establece restricciones muy terminantes y especialmente rigurosas al libre uso y disfrute de la propiedad y no debe dársele un alcance tal a esta disposición mediante una interpretación demasiado liberal de manera que comprenda materia que claramente no tuvieron en cuenta sus autores. Si hubiera sido su intención el incluir en dicho precepto las puertas entre las "ventanas  *  *  * balcones, u otros voladizos semejantes,'' que se enumeran, el medio más natural hubiera sido haciendo mención de esto y no dejándolo sometido a deducciones. Además, como lo ha demostrado la corte inferior y la autoridad por ella citada, no existe base lógica para hacer semejante deducción del lenguaje realmente empleado.

Debe confirmarse la sentencia.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Aldrey.