· JOSÉ RODRÍGUEZ PÉREZ, demandante y apelante, *v.* IGNACIO COLÓN, demandado y apelado.

No. 3532.—*Visto:* Marzo 26, 1925.  *Resuelto:* Marzo 31, 1925.

1. SERVIDUMBRES — SERVIDUMBRES LEGALES — LUCES Y VISTAS — PUERTAS.—Las puertas no están incluidas en la prohibición del artículo 589 del Código Civil referente a las ventanas, balcones u otros voladizos. (*Rabell* v. *Rodríguez*, 24: 561, ratificado.)

SENTENCIA de *Charles E. Foote,* J. (Primer Distrito, San Juan), ordenando cierre de ventanas y no de puertas, con costas. *Confirmada.*

*Campillo & Campillo,* Abogados del apelante; *R. Rivera Zayas,* Abogado del apelado.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

El apelado es dueño de un solar con casa la que tiene dos puertas en la planta baja y tres ventanas en la parte alta a menos de dos metros de distancia del solar y casa del demandante, quien pidió a la corte inferior que ordenase que dichas puertas y ventanas fueran cerradas. La corte inferior dictó sentencia decretando que el demandado tapie las ventanas de la parte alta de la casa o levante una pared en la colindancia de su propiedad con la del demandante de suficiente altura para impedir las vistas sobre la finca del demandante, todo dentro de un tiempo razonable, pero declaró sin lugar la demanda en lo que se refiere a las puertas de la planta baja, con las costas al demandado. Por la negativa del cierre de las puertas de la planta baja interpuso el demandante este recurso de apelación.

[1] El artículo 589 del Código Civil dispone que no se pueden abrir ventanas con vistas rectas, ni balcones u otros voladizos semejantes, sobre la finca del vecino, si no hay ·dos metros de distancia entre la pared en que se construyan y

dicha propiedad.   Como este precepto es prohibitivo hay que interpretarlo restrictivamente y, por tanto, como sólo prohibe las ventanas con vistas rectas y balcones u otros voladizos semajantes, no puede hacerse extensivo a las puertas abiertas en la planta baja de la casa, como pretende el apelante.

Comentando ese precepto, que es el artículo 582 del Código Civil Español, dice el Sr. Manresa lo siguiente:

"Se ha debatido sobre si el precepto es aplicable a la apertura de una puerta, es decir, si el dueño de una edificación está obligado a someterse a los artículos 582 y 583 al abrir en pared propia sobre terreno propio____ v. gr., un metro o metro y medio____ una puerta. El artículo 582 de ninguna manera se refiere a la apertura de una puerta, que además no tiene el destino de dar vistas.  La jurisprudencia de los tribunales franceses e italianos han resuelto la cuestión en el sentido que indicamos."   (4 Man. 4 ed. 804.)

Por nuestra parte hemos declarado en el caso de *Rabell* v. *Rodríguez,* 24 D. P. R. 561, que no fué la intención del legislador incluir en el artículo 589 del Código Civil las puertas entre las ventanas, balcones u otros voladizos semejantes que se enumeran en dicho precepto, pues en caso contrario hubiera hecho mención de las mismas, no dejándolas sometidas a deducciones.

*La sentencia apelada debe ser confirmada.*