José S. Belaval, demandante y apelante, *v.* Gonzalo Fernós, demandado y apelado.

Núm. 6988.—*Sometido:* Abril 1, 1936. *Resuelto:* Enero 12, 1937.

*Edgar S. Belaval,* abogado del apelante; *Dubón & Ochoteco,* abogados del apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

Se ejercita en este caso la acción negatoria de servidumbre. El demandante es dueño de un solar en Santurce en el que tiene construída una casa y al demandado pertenece otro solar que colinda por uno de sus lados con el del demandante. ·En su solar edificó el demandado una casa y anexa a ella una marquesina que llega a la misma línea divisoria de ambos solares.

Cuando la demanda se interpuso, el lado norte de la marquesina correspondiente a la línea divisoria de los solares, estaba formado por un arco abierto de un metro noventa y un centímetros de alto por dos metros y ochenta y seis centímetros de ancho aproximadamente. Días. antes del juicio, dicho arco se tapió por completo con cemento.

En los lados este y oeste existían y existen huecos de tres metros de alto por dos metros ochenta y seis centímetros de ancho aproximadamente comenzando a una distancia menor de sesenta centímetros de la línea divisoria de los solares.

El lado este da a una calle, y el oeste, al fondo del solar del propio demandado.

El lado sur lo constituye el lado norte de la casa del demandado.

El techo de la marquesina es de cemento, plano, y está rodeado de un pretil de noventa centímetros de alto. Por su lado sur está separado de una terraza que existe en la planta alta del demandado por un muro de noventa centímetros de alto por cincuenta y tres centímetros de espesor.

Sostuvo y sostiene el demandante que los anteriores hechos demuestran que la construcción del demandado recibe luz de su fundo y tiene vistas sobre el mismo de una manera contraria a la ley y pidió sentencia ordenando al demandado el cierre del hueco del lado sur de la marquesina reduciendo su tamaño a treinta centímetros cuadrados con rejas de hierro remetidas en la pared y la reducción de los

huecos de los lados este y oeste de manera que quedaran a sesenta centímetros de la línea divisoria de las propiedades. Eso en cuanto a la planta baja. En cuanto al techo, pidió que se ordenara al demandado que elevara a la altura de las carreras del segundo piso de su casa bien el pretil del lado norte y seis centímetros del de los lados este y oesté de la marquesina, ya el muro que la separa de la terraza.

Se avino el demandado en su contestación a que se dictara sentencia ordenándosele a que cerrara el hueco existente en el lado norte de la marquesina y se opuso a los demás pronunciamientos solicitados por el demandante. Cada parte pidió la imposición de las costas, gastos, desembolsos y honorarios de abogado a la contraria.

La corte declaró la demanda sin lugar, sin especial condenación de costas. Razonó su sentencia como sigue:

"La cuestión a determinar en este caso es si la marquesina tal y como existe actualmente crea una servidumbre de luces y vistas sobre la finca del demandante.

"El demandante basa su acción en el artículo 518 del Código Civil (Ed. 1930), que literalmente dice así:

" 'Art. 518.—No se puede abrir ventanas con vistas rectas, ni balcones u otros voladizos semejantes sobre la finca del vecino, si no hay dos metros de distancia entre la pared en que se construyan y dicha propiedad.

" 'Tampoco pueden tenerse vistas de costado u oblicuas sobre la misma propiedad si no hay 60 centímetros de distancia.'

"Como hemos dicho anteriormente, el arco de la marquesina que daba a la finca del demandante, ha sido completamente tapiado, de manera que no hay cuestión alguna con respecto a vistas rectas. Tampoco la puede haber con respecto a vistas de costado u oblicuas, por cuanto los arcos de la marquesina no pueden calificarse de ventanas, balcones u otros voladizos semejantes, según se resolvió por nuestro Tribunal Supremo en el caso de *Rabell* ·v. *Rodríguez, et al.,* 24 D.P.R. 561, 570, ratificado posteriormente en el caso de *Rodríguez* v. *Colón,* 34 D.P.R. 78, en el que se resolvió nuevamente que las puertas no están incluídas en la prohibición del artículo 589 del Código Civil Revisado, idéntico al 518 (Ed. 1930) referente a las ventanas, balcones u otros voladizos. Los arcos que dan al Este y al Oeste de dicha marquesina están abiertos desde el suelo de tal

manera que pueden dar paso a un automóvil, y más bien adolecen de la naturaleza de una puerta que de una ventana.

"Réstanos ahora considerar si el techo de la marquesina puede considerarse como un balcón. No hay duda alguna de que es así por existir la circunstancia de haberse levantado una baranda o pretil de 90 centímetros de alto alrededor del techo de la marquesina, lo que la convierte en un balcón, según Manresa y la sentencia del Tribunal Supremo de España de 6 de junio de 1892:

" 'En nuestro concepto, hay que distinguir si las azoteas y terrados tienen balaustre o no; si no lo tienen, no les es aplicable el Art. 582; si lo tienen, sí, pues el referido artículo habla de balcones, y una terraza puede hacer oficio de tal. El Tribunal Supremo lo ha entendido así en sentencia de 6 de junio de 1892, al afirmar que el precepto del Art. 582 es aplicable al caso de un terrado o azotea que por su extensión y altura equivalga a un balcón.' 4 Manresa, Comentarios al Código Civil (Ed. 1910) 778.

"Siendo como es el techo de la marquesina un balcón a los efectos del Art. 518 del Código Civil (Ed. 1930) réstanos ahora determinar si el hecho de haberse construído el muro de 90 centímetros de alto por 53 centímetros de ancho que lo incomunica con el resto de la casa, le quita tal carácter de balcón convirtiéndolo en simple azotea y excluyéndolo de la prohibición del artículo 518 del Código Civil.

"Quedando incomunicada la azotea de la marquesina con el balcón o terraza propiamente dicho, dicha azotea, por su pequeña extensión, no puede desempeñar las funciones de un balcón. Es verdad que podría pasarse sobre el muro y caer en la azotea de la marquesina, pero, aparte de que esto sólo podría hacerse con alguna dificultad, no convertiría la azotea en balcón, pues debido a sus reducidas dimensiones no podría utilizarse como tal. Se dirá que no obstante las dimensiones de dicha azotea una persona podría asomarse y ver sobre la finca del demandante, pero esto también podría hacerse desde una azotea cualquiera y no por esto crearía una servidumbre. Entendemos, además, que no siendo por un precepto expreso de la ley sino en virtud de interpretación judicial, que las azoteas rodeadas de balaustres o barandas se consideran balcones, tal doctrina debe ser interpretada en sentido restrictivo, máxime cuando dicha interpretación es rechazada por comentaristas de la talla de Sánchez Román, y por el motivo adicional de constituir una limitación al derecho de propiedad.

"Nada decimos de las plantas sembradas en el hueco del muro de 90 centímetros de alto que contribuyen a aumentar su altura, por-

que siendo dichas plantas de fácil remoción, no deben ser considieradas como impedimentos para pasar sobre el muro.''

Tras un estudio detenido del caso creemos que la corte de distrito apreció los hechos y aplicó la ley con ánimo de resolverlo en justicia.

No tenemos duda de que los arcos de la marquesina que dejan abierta la comunicación del solar del demandado con la calle, no son ventanas, ni balcones, ni otros voladizos semejantes, ni se destinan a obtener vistas de costado ni oblicuas sobre el solar colindante. De equipararse a algo, lo deben ser, por el destino que evidentemente tienen, a puertas, como lo hizo la corte de distrito, y entonces no les son aplicables las restricciones del artículo 518 del Código Civil.

En el caso de *Rodríguez v. Colón,* 34 D.P.R. 78, se expresó esta corte por medio de su Juez Asociado Sr. Aldrey, como sigue:

''El artículo 589 del Código Civil dispone que no se pueden abrir ventanas con vistas rectas, ni balcones u otros voladizos semejantes, sobre la finca del vecino, si no hay dos metros de distancia entre la pared en que se construyan y dicha propiedad. Como este precepto es prohibitivo hay que interpretarlo restrictivamente y, por tanto, como sólo prohibe las ventanas con vistas rectas y balcones u otros voladizos semejantes, no puede hacerse extensivo a las puertas abiertas en la planta baja de la casa, como pretende el apelante.

''Comentando ese precepto, que es el artículo 582 del Código Civil Español, dice el Sr. Manresa lo siguiente:

'' 'Se ha debatido sobre si el precepto es aplicable a la apertura de una puerta, es decir, si el dueño de una edificación está obligado a someterse a los artículos 582 y 583 al abrir en pared propia sobre terreno propio—v. gr., un metro o metro y medio—una puerta. El artículo 582 de ninguna manera se refiere a la apertura de una puerta, que además no tiene el destino de dar vistas. La jurisprudencia de los tribunales franceses e italianos han resuelto la cuestión en el sentido que indicamos.' (4 Man. 4ª ed. 804.)

''Por nuestra parte hemos declarado en el caso de *Rabell v. Rodríguez,* 24 D.P.R. 561, que no fué la intención del legislador incluir en el artículo 589 del Código Civil las puertas entre las ventanas, balcones u otros voladizos semejantes que se enumeran en dicho pre-

cepto, pues en caso contrario hubiera hecho mención de las mismas, no dejándolas sometidas a deducciones.''

■ Con respecto al techo de la marquesina, dada su conexión con la terraza de la casa del demandado, reconocemos la fuerza de los argumentos de la parte recurrente y no dejamos de tener dudas en cuanto a la conclusión a que llegara la corte de distrito. Sin embargo, debemos reconocer que el muro levantado por el propio demandado limitando la extensión de su terraza, revela su voluntad de no pasar de ahí y bajo las circunstancias peculiares del caso puede y debe aceptarse como la solución del problema más justa y equitativa.

Por lo que se refiere a la no imposición de las costas al demandado, bastará decir que, tras un examen concienzudo de todo lo que los autos revelan, no nos sentimos justificados para concluir que la corte de distrito no hizo buen uso de su discreción.

*En tal virtud, debe declararse sin lugar el recurso quedando confirmada en todas sus partes la sentencia recurrida.*

Los Jueces Asociados Señores Wolf y Córdova Dávila no intervinieron.