Rafael, Carmen, Rosalinda, Margarita, Pelayo, Ana Mercedes y Fernando Valls, y Herminia Cancio, demandantes y apelados, *v.* Juan Rosado Fussá, demandado y apelante.

Núm. 7164.—*Sometido:* Marzo 16, 1937. *Resuelto:* Noviembre 23, 1937.

*Oscar Souffront* y *Pascasio Fajardo Martínez,* abogados del apelante; *J. Alemañy Sosa,* abogado de los apelados.

El Juez Asociado Señor Hutchison emitió la opinión del tribunal.

 El artículo 518 del Código Civil (edición de 1930) lee así:

"No se puede abrir ventanas con vistas rectas, ni balcones u otros voladizos semejantes, sobre la finca del vecino, si no hay dos metros de distancia entre la pared en que se construyan y dicha propiedad.

"Tampoco pueden tenerse vistas de costado u oblicuas sobre la misma propiedad, si no hay 60 centímetros de distancia."

Juan Rosado Fussá apela de una sentencia que le condena a cerrar ciertos huecos que la corte de distrito resolvió eran "ventanas con vistas rectas", dentro del significado del artículo 518. La primera contención es que la corte de distrito cometió error al estimar que los hechos expuestos en la demanda aducen una causa de acción.

Los demandantes alegaron: que eran dueños de cierta casa y solar que se describen en la demanda; que el demandado era dueño de otra casa y solar que igualmente se describen; que el demandado destruyó su casa y construyó en el mismo sitio otras dos casas de dos plantas cada una, separadas por un callejón; que una de estas casas limitaba al norte con la propiedad de los demandantes y que el demandado había abierto en ella ventanas y balcones con vistas rectas sobre la finca de los demandantes a ciertas distancias que se especifican de la línea divisoria de los dos solares; que todas dichas ventanas se usaban para recibir luz y dar vista; que los demandantes requirieron del demandado que cerrara y tapiara dichas ventanas y éste se negó a hacerlo. La omisión que ahora se plantea es que los demandantes dejaron de alegar que ellos no habían prestado su consentimiento para que se estableciera la servidumbre. La única autoridad citada en apoyo de este criterio es el caso de *Serrano* v. *Central Cambalache,* 23 D.P.R. 655.

En el caso de Cambalache los demandantes alegaron que eran condueños de una novena parte de cierta finca; que la

Central Cambalache era dueña de un ferrocarril privado que atravesaba dicha propiedad y la convertía en un predio sirviente de la corporación demandada; que otro demandado, Avelino Cruz, que era el condueño que se hallaba al frente de la finca, autorizó a la Central por su propia cuenta para tender la vía y había venido permitiendo, sin el consentimiento de los demandantes, que por ella transitaran los trenes de la Central Cambalache, imponiendo así un gravamen sobre el condominio de los demandantes, en contra de la voluntad de éstos. La demanda en dicho caso termina con la súplica de que se declare, entre otras cosas, primero, que sobre la finca no pesa servidumbre alguna a favor de la Central demandada sin que los condueños demandantes otorguen título a favor de la corporación, y, segundo, que es nulo el convenio celebrado entre los dos demandados para la instalación de vías y paso de trenes por la finca. La corte de distrito había sostenido una excepción de falta de hechos suficientes para determinar una causa de acción y declarado sin lugar la demanda en la teoría de que los demandantes debieron haber alegado que la madre de ellos conservó su condominio hasta que murió y que ellos fueron declarados sus herederos por título de sucesión legítima o testamentaria. Lo resuelto por este tribunal aparece del siguiente extracto:

"Entendemos que la demanda es suficiente porque ejercitándose en ella una acción negatoria de servidumbre, y disponiendo el artículo 604 del Código Civil que para imponer una servidumbre sobre un fundo indiviso se necesita el consentimiento de todos los copropietarios y que la concesión hecha solamente por algunos quedará en suspenso hasta tanto que la otorgue el último de todos los partícipes o comuneros, les bastaba a los demandantes alegar como alegaron que son condueños de la finca sobre la que se ha impuesto la servidumbre, y que no dieron su consentimiento para ella para tener derecho a que se declare la libertad de la finca. Esas son las alegaciones esenciales en casos como el presente y era innecesario alegar, como exigió la corte, que la madre de los demandantes conservó su condominio hasta que murió, que los demandantes fueron declarados sus here-

deros por título de sucesión legítima o testamentaria ni tampoco la porción que tenía la madre de los demandantes en la finca.''

Si en el caso de la Central Cambalache los demandantes hubiesen alegado que eran dueños de un condominio representado por una novena parte de la finca y que la Central había colocado sus rieles a través de dicha propiedad y corría sus trenes sobre los mismos, y hubieran solicitado sentencia para obligar a la Central a quitar la vía y a dejar de correr sus trenes por sobre dicha propiedad, y si la corte de distrito hubiese declarado con lugar una excepción previa y sin lugar la demanda por dejar de alegar la supuesta creación de una servidumbre por otro condueño sin el consentimiento de los demandantes, es muy posible que este tribunal hubiera revocado la sentencia fundado en que cualquier cuestión relativa a la servidumbre preexistente era cuestión de defensa que los demandantes no tenían que anticipar. Por lo menos no surgió tal cuestión en el caso de la Cambalache y nada hay en el *dictum,* supra, que milite contra el criterio que acabamos de sugerir, toda vez que no existió semejante cuestión en la mente del tribunal. De todos modos, la demanda en el presente caso aducía suficientes hechos para determinar una causa de acción. Incumbía al demandado alegar y demostrar, si podía, conforme trató de hacer en la corte inferior, que los demandantes habían prestado su consentimiento a que se abrieran las ventanas en cuestión. Además, no se presentó excepción previa ante la corte de distrito y la omisión en la demanda, de haberla, fué subsanada por la prueba.

■ Otra contención es que la corte de distrito cometió error al ordenar que ciertas puertas de la planta baja que dan al callejón fuesen cerradas. El juez de distrito resolvió que las llamadas puertas no fueron diseñadas ni eran usadas como medio de ingreso y egreso, y que no eran en realidad puertas, sino ventanas disfrazadas de puertas con el objeto de evadir responsabilidad por la violación palpable del ar-

tículo 518 del Código Civil. La doctrina de los casos de *Rabell* v. *Rodríguez,* 24 D.P.R. 561, y de *Rodríguez Pérez* v. *Colón,* 34 D.P.R. 78, no es aplicable a un caso de esta naturaleza. Si las llamadas puertas no eran puertas sino ventanas, el juez de distrito no cometió error al ordenar que fuesen cerradas.

El tercer señalamiento hecho por el apelante es que la corte de distrito cometió error al resolver que las ventanas fabricadas en la planta alta de la casa del demandado conferían vistas rectas sobre el predio de los demandantes y al ordenar la clausura de las mismas. El demandado, luego de iniciado el presente recurso, clausuró algunas de las ventanas de la planta alta y convirtió cada una de las otras en una proyección en forma de mampara improvisada (*bay-window*) de unos 42 centímetros de fondo. El costado de esta proyección que se halla al lado opuesto de la ventana situada en la pared del edificio del demandado y paralelamente con dicha pared fué cubierto de zinc. En los otros dos lados de esta proyección se construyeron unos huecos estrechos que se usaban como ventanas. El juez de distrito resolvió que mientras estuvo de pie frente a uno de los huecos que formaba una de las ventanas originales, no podía ver aquella parte de la finca de los demandantes que quedaba directamente al frente, pero sí podía ver otras partes de la misma por entre los huecos que había a los lados de la mampara. En esta forma podía ver desde una ventana aquella parte de la propiedad de los demandantes que no podía ver de la otra ventana y vice versa. Éstas eran, a nuestro juicio, vistas "de costado u oblicuas" y no "vistas rectas" dentro del significado de esas frases conforme las mismas son usadas en el artículo 518 supra. Todas, a excepción de una de estas ventanas, estaban a más de 60 centímetros de distancia de la línea divisoria común de los dos solares. Deben, por tanto, ser excluídas de los efectos de la sentencia. En lo que a la mampara que estaba a menos de 60 centímetros de la línea divisoria, la sentencia no será alterada.

██ Otros errores se refieren a la exclusión de evidencia, a la apreciación de la prueba, a la cuestión de costas, y a dejar de incluir en la sentencia una disposición alternativa al efecto de que el demandado, en vez de clausurar las ventanas, podía construir dentro de su propia finca, y paralelamente con el lado norte de su casa otra pared lo suficientemente alta que obstruyera las vistas de cualquiera de las ventanas en cuestión.

Si la evidencia excluída hubiera sido admitida, el resultado habría sido el mismo. No hallamos error manifiesto en la apreciación de la prueba ni abuso de discreción en la concesión de costas. Los demandantes no solicitaron ningún remedio alternativo y el demandado no pidió ninguna resolución alternativa en la sentencia que se dictara. Aún si el demandado hubiera hecho tal súplica, la cuestión hubiera caído dentro de la sana discreción del juez de distrito. Éste no cometió error al no resolver sobre la fabricación de una pared a opción del demandado como medida alternativa a la clausura de las ventanas.

*La sentencia debe ser modificada y así modificada confirmada.*

El Juez Asociado Señor Córdova Dávila no intervino.