SAUNNION, DEMANDANTE Y APELADO, *v.* DÍAZ, DEMANDADA Y
APELANTE.

APELACIÓN procedente de la Corte de Distrito de Guayama
en pleito sobre cobro de dinero.

No. 2241.—Resuelto en junio 20, 1921.

OBLIGACIONES—AMBIGÜEDAD—ERROR NO PERJUDICIAL.—Aunque sea errónea la resolución de la corte inferior declarando sin lugar una excepción previa de ambigüedad, si la demandada contesta y reconoce que en el juicio quedó aclarada la teoría de la demanda, es necesario concluir que el error no es de tal modo perjudicial que requiera la revocación de la sentencia.

EVIDENCIA ADMISIBLE—PODER DE LA ESPOSA AL ESPOSO OFRECIDO EN EVIDENCIA.— En un pleito contra la esposa no es errónea la admisión en evidencia de un poder otorgado por la demandada a su esposo, cuando tal apoderamiento es congruente con la demanda interpretada en el sentido de que la demandada había actuado en la transacción que dió origen al pleito por medio de su apoderado, independientemente de que éste fuera o no su esposo.

EVIDENCIA DE HECHOS NO RELACIONADOS CON LA TRANSACCIÓN ORIGEN DEL PLEITO.—Una libreta cuyas anotaciones no guardan relación con la transacción origen del pleito sino con transacciones anteriores, no es admisible en evidencia.

TESTIGOS HÁBILES.—Habiendo sido dirigida la reclamación judicial contra la demandada en su propia representación y no en su carácter de albacea, administradora, heredera o representante legal de su esposo fenecido, la declaración del demandante sobre la celebración del contrato con el esposo y entrega del precio a éste, actuando en la transacción como apoderado de su esposa, es admisible en evidencia, por no ser aplicable a tal testimonio la prohibición a que se refiere la sección 3 de la Ley de 10 de marzo de 1904 relativa a testigos hábiles.

Los hechos están expresados en la opinión.

Abogados de la apelante: Sres. *M. A. Martínez Dávila*
y *T. Bernardini.*

Abogados del apelado: Sres. *J. C. Ramos* y *J. J. Aponte.*

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del
tribunal.

Maximino Saunnion entabló demanda en la Corte de Distrito de Guayama contra María Esperanza Díaz viuda de

Palés, en cobro de ochocientos dólares. La demandada excepcionó la demanda y su excepción fué declarada sin lugar. Contestó. Fué el pleito a juicio y la corte lo resolvió en contra suya e interpuso entonces el presente recurso de apelación.

Señala la apelante la comisión de cinco errores que estudiaremos por el orden en que han sido presentados.

1. "La corte inferior cometió error al declarar sin lugar la excepción previa interpuesta por la demandada." Sostuvo la demandada que la demanda era ambigua, ininteligible y dudosa y su excepción fué declarada sin lugar. Hemos estudiado la demanda y a nuestro juicio tenía razón la demandada porque en ella no se establecía con toda claridad la forma en qué y la persona con quién se había celebrado el contrato origen de la reclamación, se dejaba en duda si el esposo de la demandada había actuado como tal o como un apoderado independiente y no se hacía constar con la debida certeza si los bienes que se vendieron al demandante eran privativos de la demandada o gananciales. Sin embargo, como la excepción fué declarada sin lugar y la demandada contestó, como examinada la contestación se observa que la demandada se preparó para cualquier interpretación que se diera a la demanda, y como la misma demandada reconoce que en el juicio quedó aclarada la teoría de la demanda, es necesario concluir que el error cometido no es de tal modo perjudicial que requiera la revocación de la sentencia dictada. Artículo 142 del Código de Enjuiciamiento Civil.

2. "La corte inferior erró al admitir como prueba con la oposición de la demandada la escritura número 51 otorgada por la demandada." Examinados los autos consta en efecto que la demandada se opuso a la admisión del documento que era un poder otorgado por la demandada a su esposo Palés, pero no consta que tomara excepción a la resolución de la corte admitiendo como prueba el documento. Además la prueba era congruente con la demanda interpretada ésta en

el sentido de que la demandada había actuado por medio de su apoderado Palés irrespectivamente de que fuera o no su esposo, y por tanto no se cometió error alguno al admitirla.

3. "La corte erró al no admitir como prueba una libreta donde anotaba sus cuentas el esposo de la demandada." Esa libreta hacía referencia a una transacción celebrada un año antes a la que dió origen a este pleito, sin que guardara relación con ella, y en tal virtud no cometió la corte el error que se le atribuye al negarse a admitirla como prueba.

4 y 5. "La sentencia es contraria a la prueba y a derecho." Así pueden resumirse los errores 4 y 5 que deben estudiarse conjuntamente.

La demandada estuvo casada con Rafael Palés. Le confirió además un poder para vender sus bienes. Palés murió. Y se sostiene que Palés en vida, actuando como apoderado de la demandada, vendió al demandante unos bueyes viejos de la demandada por la suma de ochocientos dólares que el demandante entregó a Palés sin que Palés ni la demandada llegaran a entregar al demandante los indicados bueyes. El contrato fué de palabra y los testigos principales son el propio demandante que sostiene que lo celebró y que entregó el dinero a Palés, y Guillermo Garau que afirmó que había entregado al demandante los ochocientos dólares para la compra del ganado, y que luego preguntó a Palés si los había recibido y éste le dijo que sí. Y sostiene el apelante que de acuerdo con la ley, tal como fué interpretada por esta Corte Suprema en el caso de *Wilcox* v. *Axtmayer et al.*, 23 D. P. R. 343, las declaraciones del demandante y del testigo Garau en cuanto se referían a las manifestaciones de Palés, que había ya muerto cuando la demanda se interpuso, eran inadmisibles como prueba.

Hemos examinado las declaraciones del demandante y del testigo Garau y nada se objetó por la parte demandada cuando ellos se refirieron a las actuaciones y palabras del Sr. Palés en relación con el contrato de que se trata. La cuestión le-

vantada se suscita por vez primera en esta corte de ape
lación.

Además aquí se demandó directamente a doña María Es-
peranza Díaz y no como albacea, administradora o tutora,
heredera o representante legal de un finado, y es por tanto
inaplicable la, sección 3 de la ley para prescribir quiénes son
testigos hábiles de 10 de marzo de 1904, Leyes de. 1904, pá-
gina 121. Véase lo que dice Cyc. en relación con este punto:

"El precepto del estatuto de que las partes y personas interesadas
en la acción son testigos competentes, está limitado a una excepción
que es tan general como la misma regla, pues en casi todos los Es-
tados los estatutos fijan restricciones a la competencia de las partes
y personas interesadas en acciones establecidas por los representantes
sobrevivientes, o sucesores en título o de derecho de personas fallecidas
o incapaces, o seguidos en contra de los mismos. Pero se ha resuelto
que no podrá dársele mayor alcance a los términos de la excepción
mediante interpretación judicial, ni será excluída ninguna declara-
ción cuando el caso no esté claramente comprendido en los términos
del estatuto." 40 Cyc. 2260.

En cuanto al resultado general de la prueba, fué apre-
ciado por el juez sentenciador así:

"La demandada María Esperanza Díaz estaba casada con don
Rafael Palés Díaz. En 15 de septiembre de 1917 la demandada
otorgó a favor de su esposo un poder general autorizándole entre
otras cosas, a efectuar ventas, cobrar créditos, etc., referente a los
bienes de dicha demandada. Que en abril de 1918 el demandante
Saunnion compró a don Rafael Palés Díaz 14 bueyes de los conocidos
como de resaca y pertenecientes a la propiedad de doña Isolina Díaz,
la cual administraba su esposo, por la suma de $800. Que en 7 de
abril del mismo año y en una de las calles de Guayama, el deman-
dante entregó al Sr. Palés Díaz los $800, objeto del contrato, que-
dando convenido con el Sr. Palés que dichos bueyes le serían entre-
gados. tan pronto terminara el cosecho; que en esos días y antes de
que el demandante recibiese dichos bueyes, el Sr. Palés enfermó y
murió, gestionando el demandante el cumplimiento del contrato o la
devolución del dinero con la demandada, habiéndose ésta negado a
efectuarlo."

Hemos examinado toda la evidencia y a nuestro juicio no hay base suficiente para sostener que el juez errara al apreciarla en la forma indicada. Y habiendo llegado a esta con-clusión, claramente se impone la confirmación de la sentencia porque de acuerdo con la ley siendo ciertos los hechos declarados probados está la demandada en la obligación de reintegrar al demandante la suma de ochocientos dólares, intereses legales a partir de la interposición de la demanda y las costas, tal como lo ordenó la corte de distrito en su sentencia.

*Confirmada la sentencia apelada.*

.Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf y Aldrey.

El Juez Asociado Sr. Hutchison no intervino en la resolución de este caso.