GARCÍA, DEMANDANTE Y APELANTE, *v.* SANTOS, DEMANDADO Y APELADO.

</div>

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección Primera, en pleito sobre cobro de pesos.

<div align="center">

No. 2388.—Resuelto en julio 23, 1921.

</div>

COBRO DE DINERO—PAGO—EVIDENCIA ADMISIBLE.—Aunque la evidencia de varios cheques expedidos por el deudor y cobrados por el acreedor no demuestra por sí sola que los cheques fueron expedidos para satisfacer la deuda reclamada, sin embargo, como por sus fechas y relacionados con otras pruebas pueden demostrar el pago, es preciso concluir que tal evidencia es admisible.

ID.—TESTIGOS HÁBILES—DECLARACIÓN DE UNA PARTE SOBRE TRANSACCIONES CON EL CAUSANTE DE LA PARTE CONTRARIA.—El testimonio del deudor demandado de que en vida del acreedor causante de la sucesión demandante entregó a éste para pago de la deuda el importe de varios cheques expedidos por aquél y cobrados por dicho causante, no es contrario a los preceptos de la Ley de marzo 10, 1904, que prohibe a una parte declarar sobre transacciones celebradas con el causante de la parte contraria antes de su fallecimiento.

ID.—APRECIACIÓN DE PRUEBA.—Examinada la prueba que sirvió de base a la sentencia que en el presente caso declaró justificado el pago de la deuda reclamada, cuya prueba consta en la opinión, *se resolvió:* que no fué errónea la apreciación que de la misma hizo la corte de distrito.

ID.—COSTAS.—No apareciendo que la sucesión demandante tuviera conocimiento de que hubiera sido pagado a su causante el importe de varios pagarés que

encontraran entre los papeles dejados por éste a su fallecimiento y que fueron el origen de la reclamación, la condena de costas contra la demandante es improcedente.

Los hechos están expresados en la opinión.

Abogado de la apelante: *Sr. E. López Tizol.*

Abogado del apelado: *Sr. J. Martínez Dávila.*

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

La Sucesión de Antonio Sevillano demandó a Cipriano Santos para que le pague la cantidad de $350 a que ascienden tres vales que suscribió a favor del causante de la sucesión. El demandado aceptó en su contestación que había suscrito esas obligaciones pero alegó que las había pagado. Celebrado el juicio la corte inferior dictó sentencia declarando sin lugar la demanda con las costas y contra ella interpuso la sucesión demandante este recurso de apelación.

De la prueba de la demandante resulta que los tres vales a favor de Sevillano fueron otorgados en el año 1915, uno el día 14 de mayo para ser pagado el 14 de julio siguiente; otro el 17 de septiembre con vencimiento en 30 de noviembre; y otro el 7 de septiembre por cuatro meses, o sea para el 7 de enero de 1916. También resulta que Sevillano murió de repente el 20 de mayo de 1916 y que el día anterior, con motivo de un viaje que iba a emprender, entregó a su apoderado una libreta con notas suyas siendo una de éstas, sin fecha, la siguiente:

"Cipriano Santos. Sus pagarés por pagar, intereses del uno por ciento en distintas fechas. Documento mayo 14, 1915, $150. ·Documento $100, 7 de septiembre de 1915; su documento por $100 venció el 17 de septiembre e intereses. Total, $350."

En otro libro de Sevillano, que tiene algunas hojas arrancadas, se halla un asiento parecido al anterior, sin que conste su fecha.

Para probar el demandado el pago de esas obligaciones presentó su defensa la declaración de Cipriano Santos to-

mada en forma de deposición a la que se acompañaban cuatro cheques librados por Cipriano Santos a favor de Antonio Sevillano con la firma de haberlos éste cobrado, expedidos todos en el año 1915 siendo uno de 25 de octubre por $200; otro de 30 del mismo mes por $86; otro de noviembre por $29 y el restante de igual mes por $38, sumando todos $353, de los cuales declaró Santos que $3 correspondían a intereses y los $350 restantes al pago de su deuda pues fué entregando esas cantidades a Sevillano para que se las fuera abonando a la deuda.    También declaró que era amigo íntimo de Sevillano, lo que también resulta de otra prueba, que tenía unas tres casas en San Juan, diez u once en Santurce y varios solares, percibiendo una renta de $200 a 250 pesos y que Sevillano no le facilitó ninguna otra vez dinero a préstamo. Para contradecir este último extremo los demandantes presentaron un asiento del libro de Sevillano del que aparece que en 1911 le adeudaba una cantidad de dinero.

Esto es en conjunto lo principal de la prueba practicada, sin que los demandantes presentaran ninguna para demostrar por qué había recibido Sevillano los $353 de Santos.

Como los cheques cobrados por Sevillano son prueba *prima facie* de que Santos entregó ese dinero a Sevillano y aunque por sí sólos no demuestran que fueran dados para satisfacer la deuda de Santos, sin embargo como por sus fechas y en relación con otras pruebas pueden demostrar la extinción de las obligaciones reclamadas no vemos que la corte inferior cometiera el error que se le atribuye por su admisión.

En cuanto a la apreciación de la prueba por la corte no estamos convencidos de que haya existido manifiesto error al estimar pagadas las obligaciones que se reclaman pues los cheques de Santos fueron librados mientras subsistía su deuda y aunque expidió el primero en 25 de octubre por $200 cuando sólo estaba vencido el vale de $150, dada la amistad que unía al acreedor y al deudor no resulta imposible creer que los $50 de exceso eran para abonar a los otros

vales, ni tampoco que el acreedor admitiera el pago de los otros vales antes de su vencimiento.   Es cierto que la sección 3ª. de la Ley de 10 de marzo de 1904, página 121, que está vigente, según declaramos en el caso de *Wilcox* v. *Axtmayer*, 23 D. P. R. 343, dispone que en las demandas por o en contra de los albaceas testamentarios, administradores o tutores y por y en contra de los herederos y representantes legales de un finado en las cuales pueda dictarse sentencia a favor o en contra de ellos como tales, ninguna de las partes podrá declarar contra la otra en lo referente a transacciones con o relaciones hechas por el testador, intestado o pupilo, a menos que fuere llamado a declarar por la parte contraria, pero en este caso esta ley no es aplicable a la declaración de Cipriano Santos porque él no ha atribuido manifestación alguna al difunto Sevillano, siendo el objeto fundamental de su declaración presentar los cheques con la firma de Sevillano de haberlos cobrado y la manifestación del declarante de que entregó las sumas que representan para abonar a sus deudas, pero no pone en boca de Sevillano manifestación alguna en este particular ni en ninguno otro.   Los cheques son ciertos, así como sus firmas, fueron entregados en la época de la deuda, no se ha tratado de demostrar por los demandantes que fueran entregados por otro concepto que el manifestado por Sevillano, corresponde su total al de la deuda reclamada excepto en tres dólares de exceso que se imputan a intereses, que cobraba Sevillano según sus libros, aunque de los vales no aparece que se devengaran, y en vista de todas estas circunstancias no vemos que la corte errara al apreciar la prueba estimando que la deuda reclamada ha sido pagada y declarando en consecuencia sin lugar la demanda.

También alegan los apelantes que no debió haberles sido impuesto el pago de las costas y creemos que en este punto tienen razón porque los herederos de Sevillano encontraron entre los papeles de su causante esos tres vales, los que les

daba derecho a suponer que no habían sido pagados, y no aparece de los autos que ellos sabían que habían sido satisfechos.

La sentencia apelada debe ser confirmada pero modificándola en el particular de las costas, que se declaran sin especial condena.

> *Confirmada la sentencia apelada y revocada*
> *en cuanto al pronunciamiento de costas las*
> *que se declaran sin especial condenación.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Hutchison.