Evarista Viera, menor representada por su madre con patria potestad Elena Viera, demandante y apelante, *v.* Sucesión de Pedro Goitía Martínez, representada por su viuda Silveria Serrano Calderón, Cirilo Rodríguez Fragozo y su esposa María Delgado, Herminio Brugueras y su esposa Dolores Colón, demandados y apelados.

Núm. 7871.—*Sometido:* Junio 14, 1939. *Resuelto:* Julio 14, 1939.

*R. A. Arroyo Ríos*, abogado de la apelante; *Francisco González Fagundo*, abogado de los apelados.

El Juez Asociado Señor De Jesús emitió la opinión del tribunal.

La demanda de este caso expone tres causas de acción. La primera, que podríamos llamar la principal, puesto que de su existencia dependen las otras dos, aunque titulada "cobro de dinero" no es otra cosa que una acción en cobro de pensiones alimenticias. En ella se alega que la menor demandante, en este pleito representada por su madre con patria potestad Elena Viera, nació el 5 de noviembre de 1921 y que desde dicha fecha hasta el año 1922 Pedro Goitía Martínez satisfizo todos los gastos de su manutención a razón de $25 mensuales, obligándose con la madre de la demandante a satisfacer igual suma durante todos los meses mientras él viviera o hasta que la menor alcanzase la mayoridad, obligación que cumplió hasta el año 1922. Que desde esta última fecha hasta el año 1936, en que falleció Goitía Martínez, dejó éste de satisfacer las referidas mensualidades, todas las cuales ascienden a la cantidad de $4,200, suma que reconoció adeudar y ofreció pagar antes de su muerte, lo que no hizo ni en todo ni en parte.

Se alega además en esta primera causa de acción que el 4 de agosto de 1933 la demandante estableció en la corte inferior un pleito de filiación contra Goitía Martínez que terminó con sentencia declarando a la demandante hija ilegítima del demandado, con los derechos inherentes a ese estado. Se alega también en esta primera causa de acción que la sucesión demandada está compuesta de la viuda de Goitía Martínez, la demandada Silveria Serrano Calderón.

En la segunda causa de acción se alega que Goitía y su esposa, para evadir la obligación que aquél pudiera tener para con la demandante con motivo del pleito de filiación, traspasaron ciertas fincas a los demandados, esposos Cirilo Rodríguez Fragozo y María Delgado, transacción simulada en la que no medió precio o consideración, y que el referido Goitía quedó completamente insolvente con motivo de dicho traspaso. Que la única dueña de dichos bienes es la demandada Silveria Serrano Calderón, quien es la única heredera de los bienes de Pedro Goitía Martínez según testamento que otorgó el 18 de diciembre de 1915 ante el Notario Andrés Mena Latorre.

La tercera causa de acción expone un traspaso de otras fincas en idénticas condiciones, verificado el mismo día que el que se menciona en la segunda causa de acción, este último a favor de los esposos demandados, Herminio Brugeras y Dolores Colón.

Resulta de los autos que la demanda original fué excepcionada por los demandados por indebida acumulación de partes demandadas y por insuficiencia de hechos constitutivos de causas de acción. Prosperaron las excepciones y se concedió permiso a la demandante para enmendar su demanda, quedando esta última redactada en la forma que acabamos de exponer.

Solicitaron entonces los demandados que se dictara sentencia porque la demanda enmendada era sustancialmente igual a la original y se hallaba sujeta a las mismas excepciones que prosperaron contra aquélla. Se dictó la sentencia solicitada. Contra ella se interpuso el presente recurso.

Cómo único error se señala el de haberse declarado sin lugar la demanda por los méritos de las alegaciones.

Examinaremos en primer término la primera causa de acción. De ella surge claramente que no se trata de una reclamación de alimentos entre parientes y sí de pensiones alimenticias a virtud de un contrato, pues de sus alegaciones se infiere que Goitía Martínez, reconociendo la obligación

·moral en que estaba de mantener a su hija la demandante, espontáneamente se obligó a pasarle $25 mensuales hasta su mayoridad o hasta la muerte de Goitía. También resulta que más tarde la propia corte sentenciadora, bajo la solemnidad de una sentencia, declaró a la demandante hija ilegítima de Goitía Martínez. Se arguye por los demandados que la primera causa de acción es insuficiente porque de acuerdo con el artículo 147 del Código Civil (ed. 1930) los alimentos "no se abonarán sino desde la fecha en que se interponga la demanda", y como de su faz no resulta que en vida de Goitía se hiciera tal reclamación judicial, carece la demandante de causa de acción para reclamarlos, ya que conforme al artículo 149 del mismo Código "la obligación de suministrar alimentos cesa con la muerte del obligado."

Tendrían razón los demandados si en la primera causa de acción no apareciese la alegación de que Goitía, antes de su muerte, reconoció adeudar los $4,200 reclamados y que se obligó a pagar dicha cantidad, aunque nunca lo hizo ni en todo ni en parte. Procede entonces aplicar el artículo 151 del citado cuerpo legal, que literalmente dice así:

"Artículo 151. Las disposiciones que preceden son aplicables a los demás casos en que por este código, por testamento o por pacto, se tenga derecho a alimentos, *salvo lo pactado,* lo ordenado por el testador o lo dispuesto por la ley para el caso especial de que se trate."

Ni la ley ni la moral ni el orden público impiden que el alimentante renuncie al derecho de no pagar pensiones alimenticias hasta que le sean judicialmente reclamadas. No se trata de un pacto esencial como lo sería, por ejemplo, la renuncia a recibir alimentos, pacto que sería ineficaz por ser contrario al orden público.

Comentando Scaevola el artículo 153 del Código Civil español, igual al 151 del nuestro, dice sobre este particular:

"¿Qué consecuencias se derivan de todo lo dicho? Las que a continuación se expresan, claras y concluyentes: 1ª., que tratándose de las personas que tienen derecho a alimentos, según el artículo 143,

podrán establecerse los pactos que se estimen convenientes sobre lo accidental de dicho derecho (modo y lugar del cumplimiento de la prestación y aun la cuantía de ésta); pero no sobre lo esencial del mismo (proporcionalidad entre la pensión y el capital, renuncia y transmisión), puesto que entonces quedaría destruído el objeto de la ley y se infringiría además la doctrina del art. 1,255, que prohibe consignar los pactos contrarios a las leyes que se tendrían como no puestos, a tenor del párrafo primero del art. 4º.; 2ª., que respecto de cualquiera otra persona de las no comprendidas en el citado art. 143, pueden convenirse con entera libertad cuantas condiciones deseen los interesados, siempre que no sean contrarias a la moral y buenas costumbres, ya que las prohibiciones del art. 151 atañen única y exclusivamente al derecho de alimentos por ministerio de la ley.''

■ Es verdad que la primera causa de acción va dirigida contra la sucesión de Pedro Goitía Martínez y que este tribunal reiteradamente ha sostenido que la sucesión no tiene personalidad jurídica en nuestro derecho; pero en el párrafo segundo de dicha causa de acción expresamente se alega que la sucesión está compuesta de Silveria Serrano Calderón, lo que excluye a otras personas, y siendo así, la alegación es suficiente. *Arvelo et al.* v. *Banco Territorial y Agrícola de Puerto Rico,* 25 D.P.R. 728. Véase *Sucesión Rodríguez* v. *Comisión Industrial,* 53 D.P.R. 825, 835. A nuestro juicio la primera causa de acción contiene los elementos esenciales que requiere la ley.

■ La segunda y tercera causas de acción son también suficientes. En cada una de ellas se alega que la demandante es acreedora de Pedro Goitía Martínez, que con el fin de evadir el pago de dicho crédito, transmitió éste parte de sus bienes a ciertos demandados y los restantes a los otros; que con motivo de estos traspasos quedó insolvente, y que tales traspasos fueron simulados, es decir, que no medió precio o consideración alguna, agregando que la única heredera de Pedro Goitía Martínez lo es su viuda la demandada Silveria Serrano.

El caso de *Roig Commercial Bank* v. *Portela,* 52 D.P.R. 647, citado por los apelados, más bien sostiene la suficiencia

de la segunda y tercera causas de acción, pues de la demanda
resulta que el crédito de la demandante existió con anterio-
ridad y existía al tiempo de los traspasos hechos a los deman-
dados, que al Goitía hacer tales traspasos quedó insolvente
y que la demandada Silveria Serrano rehusa pagar dicho
crédito, alegando hallarse insolvente.

La demanda adolece de indebida acumulación de
acciones, pues de acuerdo con el inciso 9 del artículo 104 del
Código de Enjuiciamiento Civil, las acciones acumuladas en
una demanda deben afectar a todas las partes en el pleito,
y en este caso la sentencia que pudiera dictarse anulando los
traspasos a favor de Cirilo Rodríguez y su esposa, a que se
contrae la segunda causa de acción, no afectaría en manera
alguna la que pueda dictarse sobre la tercera causa de acción,
que se refiere a los traspasos hechos a favor de Herminio
Brugueras y esposa, y viceversa. Pero esta excepción no
fué presentada por los demandados, y por consiguiente se
entiende renunciada. *Maurer* v. *Sucrs. de Hernáiz et al.,*
11 D.P.R. 127. Siendo así, no habiendo objetado a la inde-
bida acumulación de acciones, no puede tampoco excepcionar
la demanda por indebida acumulación de partes demandadas,
pues la acumulación de partes demandadas en este caso es
una consecuencia necesaria de la acumulación de acciones.

A nuestro juicio cometió error la corte inferior al deses-
timar la demanda, y en su consecuencia procede declarar con
lugar el recurso, *revocar la sentencia y devolver el caso para
ulteriores procedimientos no inconsistentes con esta opinión.*

Los Jueces Asociados Sres. Hutchison y Travieso no in-
tervinieron.