EVARISTA VIERA, menor representada por su madre con patria
potestad ELENA VIERA, demandante y apelante, *v.* SUCN.
DE PEDRO GOITÍA MARTÍNEZ, ETC., demandados y apelados.

Núm. 8469.—*Sometido:* Junio 3, 1942. *Resuelto:* Julio 7, 1942.

*Hipólito Marcano* y *Francisco L. San Miguel,* abogados de la ape-
lante; *F. González Fagundo,* abogado de los apelados.

EL JUEZ ASOCIADO SEÑOR SNYDER emitió la opinión del tribu-
nal.

En una apelación anterior en este caso, resolvimos que
la apelante había alegado suficientemente tres causas de ac-

ción. 55 D.P.R. 299. Devuelto el caso, se celebró el juicio en la corte de distrito, pero el juez que presidió la vista cesó en el desempeño de su cargo sin haber decidido el caso. Mediante estipulación, las partes sometieron la transcripción de evidencia a su sucesor para que ' éste lo resolviera.

La apelante es hija ilegítima de Pedro Goitía Martínez. Este pleito se entabló a favor de la menor, por su madre con patria potestad, contra la Sucesión de Goitía después de la muerte de éste. La primera causa de acción es en cobro de $4,200. La reclamación consiste en que Goitía no cumplió con un alegado contrato de pagar los gastos de manutención de la apelante a razón de $25 mensuales.

La madre de la apelante declaró que después que esta última nació en 1921, Goitía celebró con ella un contrato oral como se describe anteriormente, para beneficio de su hija; que de conformidad con este convenio, efectuó los pagos mensuales hasta el 1923; que desde 1923 hasta 1936, en que Goitía falleció, no había hecho estos pagos.

El juez que presidió la vista admitió la declaración de la madre de la apelante al efecto de que Goitía había celebrado con ella el mencionado contrato oral en beneficio de su hija, a pesar de la objeción de los apelados de que tal testimonio era inadmisible de acuerdo con la sección 3 de la ley de marzo 10, 1904 (Leyes de Puerto Rico, 1904, pág. 121), que dice como sigue:

"En las demandas por o en contra de los albaceas testamentarios, administradores o tutores en las cuales pueda dictarse sentencia a favor o en contra de ellos como tales, ninguna de las partes podrá declarar contra la otra en lo referente a transacciones con, o relaciones hechas por el testador, intestado o pupilo, a menos que fuere llamado a declarar por la parte contraria; y las prescripciones de esta Sección se aplicarán a todas las demandas por o en contra de los herederos y representantes legales de un finado, que se suscitaren de transacciones habidas con éste."

No obstante, el juez de distrito a quien se sometió la transcripción de evidencia escribió una opinión en la que

hizo constar que tal declaración era inadmisible bajo el referido estatuto. Por consiguiente, se negó a tomarla en consideración. Como ésta fué la única prueba ofrecida para probar el contrato, la corte inferior desestimó la primera causa de acción.

■■ El juez de distrito cometió error en dos sentidos. En primer lugar el juez no estaba justificado en intervenir en un caso ya cerrado y adoptar una resolución retroactiva sobre una cuestión de evidencia. Ni aún el juez que presidió el juicio hubiera podido actuar en tal forma. Una vez admitida la evidencia, la apelante tenía derecho a asumir que sería tomada en consideración al determinarse si existía el alegado contrato. Durante el juicio el juez de distrito estaba en libertad de reconsiderar su resolución. De igual modo, las partes estarían sobre aviso acerca de una posible decisión adversa posterior si la corte se hubiera reservado su decisión sobre esta cuestión de evidencia. Pero después que la evidencia había sido admitida definitivamente y se había concluído el juicio, ni el juez que presidió ni su sucesor podía eliminarla del récord o negarse a considerarla, por lo menos sin reabrir el caso y darle a la parte afectada una oportunidad de suplir la deficiencia que resultase en su prueba.

■ Además, no podemos convenir en que el testimonio en controversia era inadmisible. La regla de exclusión de evidencia aquí envuelta, es un vestigio de la regla de inhabilidad de partes para servir como testigos. Ha sido tan severamente criticada como la original inhabilidad de partes para servir como testigos. Wigmore *on Evidence*, Vol. II, tercera edición, sección 578, y sección 488 a la página 571. Hemos tomado conocimiento de esta crítica (*Colón* v. *Tristani,* 45 D.P.R. 227) y nos hemos negado a extender la regla mediante interpretación judicial o a excluir testimonio que no cae claramente dentro de los términos del estatuto. *Saunnion* v. *Díaz,* 29 D.P.R. 615.

En su opinión, la corte de distrito hizo un análisis cuidadoso de nuestras decisiones sobre esta materia. (*Wilcox* v. *Axtmayer et al.*, 23 D.P.R. 343; *De la Rosa* v. *Sucn. Quevedo,* 47 D.P.R. 175; *Fálero et al.* v. *Falero,* 15 D.P.R. 118; *Morales* v. *Ceide,* 51 D.P.R. 27; *Cestero* v. *Sucn. Cestero,* 35 D.P.R. 991; *Lezcano* v. *Sucn. Sifonte,* 42 D.P.R. 400; *Aldea* v. *Tomás y Piñán,* 51 D.P.R. 764; *García* v. *Santos,* 29 D.P.R. 880; *Saunnion* v. *Díaz,* 29 D.P.R. 615; *Góñez* v. *Palmieri,* 50 D.P.R. 457; y *Colón* v. *Sucesión Tristani,* 45 D.P.R. 227). Pero nada hay en lo resuelto o en el lenguaje usado en estos casos que justifique la conclusión a que llegó la corte de distrito en cuanto a que una madre con patria potestad está impedida de testificar en cuanto a trasacciones con o relaciones hechas por el finado en un pleito entablado por la madre en tal capacidad representativa contra los herederos de aquél. Al contrario, hemos permitido a una madre que entabló una acción de filiación en favor de su hijo menor contra los herederos del padre putativo fallecido, que declare en cuanto a transacciones o relaciones hechas por este último. *Colón* v. *Sucesión Tristani,* 45 D.P.R. 227; *Góñez* v. *Palmieri,* 50 D.P.R. 457. El juez de distrito distingue estos casos a base de que en ellos no está envuelto ''un pleito en cobro de dinero encaminado a hacer (sic) efectivo una supuesta obligación del finado.'' Pero a los fines de la cuestión que está ahora ante nos, no vemos diferencia práctica o legal alguna entre dichos casos y el presente. Los pleitos de filiación fueron entablados correctamente contra la Sucesión del finado (*Méndez* v. *Martínez,* 21 D.P.R. 252; *Puente et al.* v. *Puente et al.,* 16 D.P.R. 582) y vislumbraban una reclamación de herencia contra ésta. Artículo 127, Código Civil, edición 1930. El *ratio decidendi* de los casos de filiación fué que esta regla restrictiva no se extendería mediante interpretación judicial para excluir el testimonio de una madre que era una parte *pro forma* en una capacidad representativa en favor de su hijo. El mismo

razonamiento es de aplicación para permitir el testimonio de la madre en este caso. Como en aquellos casos, la madre compareció aquí únicamente en una capacidad representativa (artículo 153, Código Civil, edición 1930). No hizo reclamación alguna para ella. La parte realmente interesada es su hija (*Acha* v. *Nevarez*, 59 D.P.R. 235). Es cierto que en este pleito está envuelta la propiedad de la Sucesión como tal, mientras que el pleito de filiación era una medida preliminar a tal reclamación. Sin embargo, es obvio que el resultado práctico es el mismo. De cualquier modo, aún asumiendo que ahora tengamos que ir un poco más lejos al sostener la admisibilidad del testimonio que aquí consideramos, estamos preparados para así hacerlo.

Desde luego, lo que hemos dicho se refiere únicamente a la admisibilidad de tal testimonio. Su credibilidad y peso son cuestiones todavía a ser determinadas por la corte de distrito.

La corte de distrito no halló prueba sustancial de traspasos simulados de propiedad inmueble por Goitía y su esposa como se alega en la segunda y tercera causas de acción. Toda vez que la apelante no señala error sobre esta cuestión, no hay necesidad de examinar la actuación de la corte de distrito a este respecto.

*La desestimación de la segunda y tercera causas de acción será confirmada. La desestimación de la primera causa de acción será revocada y se devolverá el caso para ulteriores procedimientos en cuanto a la primera causa de acción no inconsistentes con esta opinión.*

El Juez Asociado Sr. De Jesús no intervino.