FREYRE, DEMANDANTE Y APELADO, *v.* SUCESIÓN DE A. SEVILLANO, DEMANDADA Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección Primera, en pleito sobre cobro de honorarios.

No. 2028.—Resuelto en abril 29, 1920.

ARRENDAMIENTO DE SERVICIOS PROFESIONALES—CAUSA DE ACCIÓN—DEMANDA SUFICIENTE.—Aduce hechos suficientes para constituir causa de acción una demanda en la cual se reclama de la sucesión demandada el importe de servicios profesionales prestados por el abogado demandante, sin precio preconvenido, al causante de los demandados, que no los pagó.

ID.—ALEGACIÓN SOBRE ACEPTACIÓN DE HERENCIA ES INNECESARIA.—Cuando se demanda a una sucesión en cobro de servicios profesionales prestados al causante de la misma no es necesario alegar que los herederos demandados aceptaron la herencia simplemente o a beneficio de inventario, porque es a los demandados a quienes compete alegar tal defensa en el caso de que les asistiera.

EVIDENCIA—DECLARACIÓN DEL DEMANDANTE SOBRE CONVENIOS CON EL CAUSANTE DE UNA SUCESIÓN—TESTIGO COMPETENTE—LEY DE 4 DE MARZO DE 1904, PÁGINA 121.—La jurisprudencia establecida en el caso de *Wilcox* v. *Axtmayer et al.,* 23 D. P. R. 343, en la que se declaró, aplicando la ley de 4 de marzo de 1904, página 121, que una parte en un pleito instituído contra la sucesión del finado por virtud de transacciones celebradas con éste no puede declarar como testigo si no es llamada por la parte contraria, no tiene aplicación a un caso como el presente en que el demandante independientemente de su testimonio, probó su caso documentalmente y además con la declaración de una de las demandadas.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. E. López Tizol.*

Abogado de los apelados: *Sr. E. H. F. Dottin.*

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

El apelado Luis Freyre Barbosa demandó a varias personas como únicas y universales herederas de Antonio Sevillano Henríquez y como hechos de su reclamación expuso además ser abogado en ejercicio en esta isla y que al morir Sevillano de repente el 20 de mayo de 1916 le debía la suma de $740 por servicios profesionales prestados en la forma siguiente:

(*a*) Un desahucio en la Corte Municipal de Bayamón contra Gavino Marché, caso No. 2012, de fecha 4 de febrero de 1915 _____ $40. 00

(*b*) Caso No. 7820 en la Corte de Distrito de San Juan, Sección Primera, de fecha 18 de diciembre 1914, contra Andrea Doble y María Santiago, sobre cobro de dinero _____ 200. 00

(*c*) Caso No. 7980, en la Corte de Distrito de San Juan, Sección Primera, de fecha 18 de marzo de 1915, ejecución de hipoteca contra Bernardo Trujillo_____ 250. 00

(*d*) Número 8008, en la Corte de Distrito de San Juan, Sección Primera, de fecha 27 de marzo de 1915, desahucio en precario contra Tomasa Rodríguez_____ 250. 00

$740. 00

También alegó que no ha podido cobrar la antedicha cantidad ni ninguna parte de ella a pesar de las gestiones que ha practicado encaminadas a ese fin y concluyó pidiendo a

la corte dictara sentencia contra los demandados por $740 más las costas, gastos, desembolsos y honorarios de abogado.

Negados por los demandados todos los hechos de la demanda, aduciendo además como defensa que si tales servicios fueron prestados le fueron pagados, que fué descuidado y negligente y aconsejó erróneamente a su cliente y que ofrecía cobrar remuneración módica por sus servicios, se celebró el juicio y se dictó sentencia condenando a la sucesión demandada a pagar al demandante la cantidad de $390 deduciendo de ella $15 ya recibidos por el demandante y las costas del juicio.

En el recurso de apelación que interpusieron los demandados contra la sentencia alegan en primer lugar que la demanda no aduce hechos determinantes de causa de acción porque no expone todos los que son indispensables para que quede establecido un contrato de arrendamiento de servicios por precio convenido o por lo que razonablemente valgan, si fueron requeridos los servicios por el mismo Sevillano o por otra persona a su nombre y por éste aceptados, cuándo era que debían pagarse, porque no se sabe si las cantidades que se fijan en los varios asuntos que se relacionan son el precio razonable o el convenido, porque debió alegarse que Sevillano se negó a pagarlas y no establecerse que el demandante no ha podido cobrarlas, toda vez que ésto pudo ser debido a causas atribuibles al demandante, porque debió alegarse que la sucesión no quiso pagarlos, que los demandados son los únicos herederos y obligados y que aceptaron la herencia simplemente o con beneficio de inventario.

Aunque la demanda no es un modelo de alegación, sin embargo expone lo bastante para que los demandados supieran que les cobran servicios profesionales prestados a su causante en varios pleitos, sin precio convenido, ya que éste no se alega, por lo que, de acuerdo con el artículo 1486 del Código Civil puede cobrarse lo que razonablemente valgan y que su causante no los pagó, sin que fuera necesario que alegara que los herederos aceptaron la herencia simplemente

o a beneficio de inventario porque esto último es una defensa que debe ser alegada por los demandados.

También se alega como error de la corte el haber rechazado la excepción de indebida acumulación de acciones en la demanda, pero no existe tal error porque en este pleito solo se ejercita una acción que es la de cobro de honorarios profesionales.

De los otros errores alegados podemos hacer dos grupos, pues ocho de ellos se refieren a excepciones tomadas en el juicio por admisión o exclusión de pruebas y los otros cuatro a la suficiencia de la evidencia para justificar la sentencia. De los primeros, el alegado en tercer lugar no podemos tomarlo en consideración porque el documento cuya admisión se impugna no ha sido incluído en la exposición del caso aprobada por el juez sentenciador, aunque se halla independientemente en la transcripción. En iguales circunstancias se halla el último de los expuestos, que hace el número catorce.

Los restantes del primer grupo los hemos examinado y no justifican la revocación de la sentencia para la celebración de un nuevo juicio.

Los otros tres errores del segundo grupo tampoco justifican la revocación de la sentencia apelada pues aparece plenamente probado que el demandante prestó sus servicios profesionales al causante de los demandados en los pleitos relacionados en la demanda y que los demandados solo han justificado que a cuenta de ellos se le pagaron quince dólares por sus honorarios.

La acción fué iniciada un año y cuatro meses después de la muerte de Sevillano y los apelantes sostienen que de acuerdo con el caso de *Wilcox* v. *Axtmayer,* 23 D. P. R. 343 el demandante no ha podido probar su acción por su propia declaración. Opinamos que el caso que se cita no tiene aplicación al presente ni la ley de 10 de marzo de 1904, página 121, en que se funda porque en él se trataba de hacer efectiva una garantía verbal que se alegaba haber prestado el

difunto Axtmayer por su hijo Henry sin otra prueba que la declaración del demandante respecto a manifestaciones del difunto Axtmayer, sin documento alguno, y aunque se presentaron otros dos testigos sobre los mismos extremos, el juez sentenciador no les dió crédito, mientras que en el caso presente el hecho declarado por el demandante de que tramitó los pleitos de Sevillano está probado documentalmente y con independencia de su declaración, no solo con las certificaciones que presentó respecto a ellos sino también con los recibos presentados por los demandados, encontrados entre los papeles de Sevillano, acreditando el pago de quince dólares a cuenta de esos pleitos y también con la declaración de la demandada Antonia Salavarría.

El apelado dirigió su acción contra Isabel y Antonia Sevillano García, menores de edad bajo la patria potestad de su madre Juana García y contra Antonia Salavarría Elías, madre con patria potestad sobre el demandado menor de edad José Antonio Sevillano a quien representa, alegando que todos, salvo Juana García, son herederos de Antonio Sevillano Henríquez y que fueron declarados sus únicos y universales herederos; y aunque según la transcripción del caso aprobada por el juez el demandante presentó una certificación del Secretario de la Corte de Distrito de San Juan en la que se hace constar que los demandados han sido declarados herederos de Antonio Sevillano, sin embargo la sucesión apelante alega que esas alegaciones no han sido probadas porque no se sabe quien es la verdadera sucesión de Antonio Sevillano Henríquez. Lo que hemos expuesto es bastante para comprobar lo injustificado de esta alegación.

Por las razones expuestas la sentencia apelada debe ser confirmada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf y del Toro.

El Juez Asociado Sr. Hutchison no intervino en la resolución de este caso.