### Agustín Rodríguez, demandante y apelado, v. Arturo Arocho Vázquez, demandado y apelante.

Núm. 8635.—*Sometido:* Junio 15, 1943. *Resuelto:* Diciembre 15, 1943.

*Luis Mercader y J. Córdova Rivera,* abogados del apelante.; *E. Martínez Avilés,* abogado del apelado.

El Juez Asociado Señor De Jesús emitió la opinión del tribunal.

Julio Arocho Vargas compró a Rafaela Mercado Arocho una casa con solar en el pueblo de Barceloneta. Al otorgarse la escritura ante el notario José E. Díaz el 7 de noviembre de 1931, a petición de Julio Arocho Vargas se consignó que él verificaba la compra para y en representación de su hijo de seis años de edad Arturo Arocho Vázquez. El precio convenido fué de $600, de los cuales la vendedora recibió en el acto del otorgamiento la cantidad de $400. Los $200 restantes los retuvo el comprador para satisfacer una hipoteca que gravaba la finca por dicha cantidad. En efecto, la hipoteca fué luego cancelada por escritura de 27 de septiembre de 1934 ante el mismo notario. Libre la finca del gravamen hipotecario, por otra escritura de 5 de diciembre de 1934 ante el notario Severo O'Neill Torres, Julio Arocho y su esposa, en concepto de dueños, la vendieron a Agustín Rodríguez por $700, pero a petición de éste el título se extendió a favor de su hermana María Rodríguez. No obstante esta enajenación a favor de María Rodríguez, Julio Arocho, con fecha 22 de julio de 1935, sin poner en conocimiento de ello a Agustín Rodríguez, solicitó y obtuvo la inscripción de la escritura de 7 de noviembre de 1931 a favor de su menor hijo el demandado.

Julio Arocho falleció el 20 de diciembre de 1938, y en 12 de febrero de 1941 Agustín Rodríguez instó demanda contra el menor Arturo Arocho Vázquez en la que después de exponer los anteriores hechos y alegar en adición que el título que se había extendido a favor de Arturo Arocho era simulado—toda vez que según se alegó, el verdadero adquirente por la escritura de 7 de noviembre de 1931 era el propio Julio Arocho—se solicitó una sentencia declarando

(1) que la citada escritura de 7 de noviembre de 1931 es nula e ineficaz en cuanto a la enajenación que se simuló a favor del menor demandado y que en su consecuencia se or-

dene la cancelación de la inscripción que dicha escritura causó a favor de dicho menor en el Registro de la Propiedad, y

(2) que la escritura otorgada a favor de María Rodríguez es válida y eficaz y que se condene al demandado al pago de costas y honorarios de abogado.

El menor, por conducto de su tutor, compareció en el pleito, radicando un escrito en el que interpuso excepción previa de insuficiencia de hechos para aducir una causa de acción. Por vía de contestación negó los hechos esenciales de la demanda y al mismo tiempo contrademandó solicitando sentencia por la cantidad de $1,500 que alegó era el montante de las rentas producidas por el inmueble y recibidas por el demandante desde que fué privado de la posesión de la finca a virtud de la escritura de 5 de diciembre de 1934 hasta la radicación de la contrademanda el primero de mayo de 1941, más las rentas que se devengaren, a razón de $20 mensuales, hasta que la finca fuese puesta a disposición del demandado, más las costas, incluyendo honorarios de abogado.

Celebrado el juicio, la corte estimó probados los hechos alegados en la demanda, manifestando expresamente que no daba crédito a la prueba del demandado; y sin que aparezca discutida ni resuelta la excepción previa contra la demanda, dictó sentencia declarándola con lugar y sin lugar la contrademanda, con los siguientes pronunciamientos:

(1) Declaró que el menor demandado no adquirió personalmente ni tiene título alguno a la finca descrita en la demanda y ordenó al Registrador de la Propiedad que procediese a cancelar la inscripción practicada a favor de dicho menor; y

(2) Declaró que a virtud de la escritura de 5 de diciembre de 1934 ante el notario Severo O'Neill, Julio Arocho y su esposa vendieron la mencionada finca que habían adquirido de Rafaela Mercado al demandante Agustín Rodríguez

"según también fué admitido por la hermana de éste y consta de la prueba en juicio; correspondiendo al demandante hacer las gestiones pertinentes para arreglar su titulación en forma conveniente, toda vez que sólo aparece el menor como parte demandada y hubo cierta evidencia sobre el remate de la finca por contribuciones." Se concedieron también las costas al demandante.

El demandado no estuvo conforme con la sentencia, por lo que interpuso el presente recurso.

Antes de iniciar la discusión de las cuestiones envueltas en este recurso, parece conveniente consignar ciertos hechos que resultan de la prueba, aunque no constan de las alegaciones, con excepción de la ligera alusión que hace el tribunal en la sentencia respecto al remate de la finca por contribuciones. Dichos hechos son:

(a) Que el 17 de mayo de 1940 la finca en cuestión, que se hallaba amillarada a nombre de Arturo Arocho, fué vendida a Eusebio Rivera por falta de pago de contribuciones, habiéndose notificado de la venta tanto a Arturo Arocho como a Agustín Rodríguez;

(b) Que dentro del término legal, es decir, el 14 de marzo de 1941, Arturo Arocho, por su tutor Domingo Arocho, redimió la finca mediante el pago de la cantidad de $63 a Eusebio Rivera;

(c) Que se recibió en evidencia un documento privado de fecha 5 de diciembre de 1934 suscrito por María Rodríguez y su esposo Pedro Meléndez a favor de Agustín Rodríguez, en el cual dichos esposos hacen constar que si bien por la escritura de 5 de diciembre de 1934 María Rodríguez se había hecho aparecer como compradora de la finca en cuestión, el comprador en realidad lo había sido Agustín Rodríguez y que dichos esposos se obligaban a transmitir el título de la finca en cuestión a Agustín Rodríguez tan pronto éste los requiriese para ello;

(*d*) En el acto del juicio y con la anuencia del abogado del demandado, se permitió enmendar la demanda haciendo partes demandantes a María Rodríguez y a su esposo Pedro Meléndez (T. de E., pág. 5) ;

(*e*) Que en el acto del juicio declaró María Rodríguez como testigo del demandante, identificando las firmas de los suscribientes del documento privado antes mencionado y aceptando que la finca en controversia no era de ella ni de su esposo, sino de su hermano el demandante (T. de E., pág. 23).

En su alegato el apelante no insiste en su excepción previa de falta de hechos constitutivos de causa de acción. A nuestro juicio dicha excepción no podía prosperar puesto que la demanda, especialmente después de enmendada con la conformidad del demandado, aunque no puede tenerse como un modelo de las de su clase, sin embargo aduce hechos constitutivos de causa de acción. Se señalan cuatro errores, los cuales virtualmente se reducen a dos, a saber:

1. No haberse hecho partes demandadas a Rafaela Mercado Arocho y a la sucesión de Julio Arocho, y

2. Error en la apreciación de la prueba.

■ No precisa esfuerzo mental alguno para concluir que ni Rafaela Mercado ni la sucesión de Julio Arocho son partes necesarias en este pleito. Ningún remedio se solicita contra ellos y la sentencia que pueda dictarse ni puede beneficiarles ni tampoco perjudicarles, ya que no resulta de las alegaciones ni de la prueba que dichas personas tengan o aleguen tener interés en la materia en controversia en oposición al del demandante, ni son ellos necesarios para la completa determinación del título o arreglo de la cuestión litigiosa.

■■ La prueba fué contradictoria. Ya conocemos la del demandante, que fué a la que dió entero crédito la corte inferior. Debemos agregar, sin embargo, que el notario José E. Díaz, declarando como testigo del demandante, manifestó

que al otorgarse ante él la escritura de 7 de noviembre de 1931, Julio Arocho le manifestó que él tenía muchos hijos ilegítimos y algunos acreedores, y que para protegerse tanto de unos como de otros deseaba poner la casa que compraba a nombre de su hijo de seis años de edad Arturo Arocho Vázquez. A esta declaración se opuso el demandado por el único fundamento de que ya Julio Arocho había muerto, e invocó la sección 3 de la Ley de 10 de marzo de 1904 (pág. 121), que dice así:

"En las demandas por o en contra de los albaceas testamentarios, administradores o tutores en las cuales pueda dictarse sentencia a favor o en contra de ellos como tales, ninguna de las partes podrá declarar contra la otra en lo referente a transacciones con, o relaciones hechas por el testador, intestado o pupilo, a menos que fuere llamado a declarar por la parte contraria; y las prescripciones de esta sección se aplicarán a todas las demandas por o en contra de los herederos y representantes legales de un finado, que se suscitaren de transacciones habidas con éste."

La objeción fué correctamente desestimada, pues la prohibición, de acuerdo con los propios términos de la ley invocada, está limitada a las partes, y José E. Díaz no lo era, siendo por el contrario un mero testigo sin interés alguno en el pleito. *Freyre* v. *Sucn. Sevillano,* 28 D.P.R. 396; *Wilcox* v. *Axtmayer,* 23 D.P.R. 343, 346; *Lezcano* v. *Sucn. Sifonte,* 42 D.P.R. 400, 402; *Sánchez* v. *Sánchez,* 58 D.P.R. 577; *Viera* v. *Sucn. Goitía,* 60 D.P.R. 653.

También declaró Francisco Díaz Marchán, testigo del demandante, que en su presencia Julio Arocho manifestó a Agustín Rodríguez que aunque la casa estaba a nombre de su hijo, él, Julio Arocho, era el verdadero dueño de la misma.

La explicación que da el demandado de cómo adquirió la casa es que su abuelo le regaló $400 en efectivo cinco o seis meses antes del ciclón de San Felipe y que en pago de la finca dió $150 en efectivo y dos vacas, haciéndose cargo además de la hipoteca de $200. Refiriéndose a esta prueba del demandado, dijo la corte en su opinión: "Ni remotamente

pudo convencernos la forma como quiere probarse que el menor tenía dinero para adquirir la finca.'' No podemos convenir con el apelante en que la corte cometió manifiesto error en la apreciación de la prueba. Con alguna frecuencia padres ignorantes se valen de sus hijos menores de edad para adquirir bienes bajo la errónea creencia de que al así adquirirlos los ponen fuera del alcance de sus acreedores.

Es de notarse que la sentencia apelada no se ajusta estrictamente a la súplica de la demanda; pero es innegable que el remedio concedido por la corte es compatible con las alegaciones de la demanda según fué enmendada y con los hechos probados, y se ajusta perfectamente a la realidad, haciendo justicia sustancial sin perjudicar indebidamente los derechos del demandado. Sin embargo, debe modificarse la sentencia en cuanto a su forma, de suerte que la parte dispositiva de la misma diga así: ''Se declara que el menor demandado no adquirió para sí ni tiene título alguno a la finca que se describe en la demanda y se ordena al Registrador de la Propiedad de Arecibo que cancele la inscripción practicada a su favor a virtud de la escritura de 7 de noviembre de 1931 otorgada ante el notario José E. Díaz, debiendo entenderse que dicha escritura transmitió el título de la finca a Julio Arocho Vargas, cuyas circunstancias personales al tiempo de la adquisición deberán ser acreditadas, y asimismo deberá inscribirse la escritura número 94 de 5 de diciembre de 1934 otorgada ante el notario Severo O'Neill Torres, sustituyendo como comprador a Agustín Rodríguez en vez de María Rodríguez'', debiendo eliminarse de la sentencia apelada aquella parte que dice así: ''correspondiendo al demandante hacer las gestiones pertinentes para arreglar su titulación en forma conveniente, toda vez que sólo aparece el menor como parte demandada y hubo cierta evidencia sobre el remate de la finca por contribuciones.'' *Así modificada, y sin perjuicio de la acción que pueda asistir al demandado para recobrar del demandante Agustín Rodríguez*

*la cantidad de $63 pagada por el primero por concepto de contribuciones- sobre la finca en controversia, procede confirmar la sentencia apelada.*

El Juez Asociado Sr. Snyder no intervino.