Eulalia, Cruz y Ángela Balzac Faría, Carmen Balzac de Pérez Mercado y Miguel Ángel Estronza, demandantes y apelados, *v.* Pedro Torres Longoria y Luz Lugo, demandados y apelantes.

Núm. 9558.—*Sometido:* Enero 16, 1948.  *Resuelto:* Junio 22, 1948.

984

*Enrique Báez García,* abogado de los apelantes; *R. B. Pérez Mercado,* abogado de los apelados.

EL JUEZ ASOCIADO SEÑOR MARRERO emitió la opinión del tribunal.

De la sentencia dictada en su contra apelan los demandados para ante este Tribunal y en el extenso alegato por ellos presentado señalan ocho errores como incurridos por la corte inferior.

Alégase en la demanda enmendada que demandantes y demandados son dueños de sendas fincas urbanas radicadas en la calle Luna del pueblo de San Germán; que aunque según la descripción que de las fincas aparece en sus respectivos títulos las mismas lindan entre sí, la realidad es que entre ambas existe desde tiempo inmemorial una cloaca o canal de desagüe perteneciente al municipio, que las separa; que con anterioridad a la radicación de la demanda y en la línea divisoria del solar de los demandantes, contigua á la cloaca, existía una empalizada de madera y zinc y

un día la demandada Luz Lugo se personó en la casa de los demandantes y solicitó de dos de ellas autorización para destruir la empalizada y construir en su lugar otra de concreto, de la misma altura; que en contravención a lo acordado los demandados construyeron una muralla de tal altura que podía usarse como pared lateral del garaje que los demandados edificaban dentro de su solar; que cuando la muralla se proyectaba más de lo autorizado, los demandantes requirieron a los demandados para que se abstuvieran de continuar la misma, contestando Torres Longoria que él hacía lo que le daba la gana; que dicha muralla ha sido empalmada a la pared maestra lateral de la casa de los demandantes, usando en parte un seto de madera de la casa de éstos, todo ello sin su consentimiento ni autorización; que además y sin permiso de las autoridades los demandados han cubierto con losas de concreto la canal que separa las dos propiedades y han utilizado los cimientos de la casa de los demandantes y la pared medianera de ésta para afianzar las losas de concreto que cubren la aludida canal; que con motivo de las referidas construcciones se ha creado una confusión de hechos en cuanto a los límites de ambas propiedades. Terminan solicitando se condene a los demandados a demoler por su cuenta y riesgo la pared levantada dentro de la propiedad de los demandantes, así como el arrimo que éstos han establecido a la pared maestra de la casa de los demandantes; a restablecer la empalizada de madera y zinc al estado en que originalmente estaba y al pago de costas y honorarios de abogado.

Contestaron los demandados negando las alegaciones de la demanda y aduciendo como materia nueva y como defensa especial que construyeron la indicada pared con el consentimiento expreso de los demandantes, habiendo invertido en ella la suma de $1,260, y que toda vez que la muralla fué edificada con permiso de los demandantes y en presencia de éstos, ellos sólo tienen derecho a adquirirla por

compra; que están dispuestos a vender la muralla en la indicada cantidad o a comprar el terreno que ocupa la misma por la suma de $15; que los demandantes están impedidos de pedir la demolición de la obra por haber consentido expresamente en que la misma se construyera y por haber presenciado su construcción. Por vía de contrademanda presentaron una acción sobre negatoria de servidumbre y solicitaron se ordenara a los demandantes tapiar las tres ventanas abiertas en la pared de cada uno de los pisos de la casa de éstos, contigua al solar de los demandados.

Así las cosas fué el pleito a juicio y la corte dictó sentencia declarando con lugar la demanda y sin lugar la contrademanda, con costas y $500 para honorarios de abogado. De esa sentencia, conforme ya hemos dicho, se ha recurrido ante nos.

■ Sostienen en primer lugar los demandados que la corte inferior erró al ordenar la demolición de la muralla. La prueba creída por ella demostró, según se alega en la demanda, que dos de las demandantes se avinieron a petición de los demandados, a que éstos destruyeran la empalizada de madera y zinc que estaba en el solar de los demandantes, contigua a la canal de desagüe que separa ambas propiedades, a condición de que la misma fuera substituída por los demandados con una de concreto de igual altura; que los demandados no cumplieron lo convenido y levantaron en el indicado sitio, y dentro del solar de los demandantes, una muralla que en parte era de altura superior a la autorizada, especialmente hacia el fondo de los solares, donde se levantó dicha pared en tal forma que la misma servía de muro lateral al garaje que dentro de su solar construyeron los demandados; que tan pronto los demandantes se dieron cuenta de que el nivel de la empalizada era superior al de la antigua llamaron la atención a los demandados, pero éstos no actuaron a tenor con lo acordado.

No hay lugar a dudas de que la referida empalizada fué construída dentro del solar de los demandantes. Así lo admiten las partes. Si los demandados hubieran construído la misma ajustándose estrictamente a lo acordado, habría que considerárseles como constructores de buena fe y tendrían derecho a la indemnización a que se hace referencia en el artículo 297 del Código Civil, edición de 1930.[1] Cf. *Berrocal* v. *Registrador,* 54 D.P.R. 527 y *Figueroa* v. *Rodríguez,* ante, pág. 266. No obstante, tan pronto violaron los términos del convenio celebrado, los demandados se convirtieron en edificantes de mala fe, tal cual si originalmente no hubieran disfrutado del permiso otorgádoles, sin derecho a percibir indemnización de clase alguna y obligados a *contrario sensu* a demoler la pared construída y a reponer a su costa las cosas a su estado primitivo.[2] La lectura que hemos hecho de la transcripción de evidencia nos convence de que la corte inferior estuvo justificada en ordenar la demolición de la muralla. El primer señalamiento no ha sido cometido.

Insisten en seguida los apelantes en que la corte inferior erró al no resolver que los demandantes incurrieron en *estoppel* (impedimento). En la discusión del error que antecede ya hemos indicado que inmediatamente que las apeladas notaron que la muralla de concreto excedía en altura a la que originalmente existía, llamaron la atención de los demandados y se opusieron a que éstos continuaran levantando la misma. No creemos que existiera el estoppel alegado. *Rabell* v. *Rodríguez et al.,* 24 D.P.R. 561.

---

[1] "Artículo 297.—El dueño del terreno en que se edificare, sembrare o plantare de buena fe, tendrá derecho a hacer suya la obra, siembra o plantación, previa la indemnización establecida en los artículos 382 y 383 de este código, o a obligar al que fabricó o plantó, a pagar el precio del terreno, y al que sembró, la renta correspondiente."

[2] "Artículo 299.—El dueño del terreno en que se haya edificado, plantado o sembrado con mala fe, puede exigir la demolición de la obra o que se arranque la plantación y siembra, reponiendo las cosas a su estado primitivo a costa del que edificó, plantó o sembró."

■ Durante el curso del juicio se ofreció en evidencia una certificación suscrita por el Alcalde del Municipio de San Germán en relación con la cloaca o canal de desagüe situada entre las propiedades de los litigantes. La corte dictaminó que la misma no era admisible en evidencia, denegó su admisión y ordenó que la certificación quedara en los autos como prueba ofrecida y rechazada. En su opinión, sin embargo, reconsidera su anterior resolución, admite en evidencia la referida certificación y toma ésta en consideración. Fué ello claramente un error de parte de la corte inferior. Cuando en el curso del juicio un documento ofrecido no es admitido en evidencia, la corte no tiene derecho, luego de haber terminado la vista, a reconsiderar su resolución y, en ausencia de las partes, a tomar el documento en consideración. Tal procedimiento no está a tono con el debido proceso de ley garantizado por nuestra Carta Orgánica. *Viera* v. *Sucn. Goitía,* 60 D.P.R. 653, 655. Empero, dada la forma en que estamos resolviendo este recurso, el error cometido no resulta ser en el presente caso uno que dé lugar a la revocación. Disponemos así del tercer error señalado.

■■ Otro señalamiento es al efecto de que la Corte de Distrito de Mayagüez erró al declarar la existencia de un acto obstativo. Según el artículo 518 del Código Civil "no se puede abrir ventanas con vistas rectas ni balcones u otros voladizos semejantes, sobre la finca del vecino, si no hay dos metros de distancia entre la pared en que se construyan y dicha propiedad." Además, preceptúa el artículo 520 del mismo cuerpo legal que lo dispuesto en el artículo 518 no es aplicable a los edificios separados por una vía pública. Los demandantes alegan tener derecho a disfrutar de la servidumbre de luces y vistas, es decir a que las seis ventanas abiertas en la pared lateral de su casa junto al canal de desagüe que separa su propiedad de la de los demandados permanezcan abiertas, no sólo porque la casa de

ellos y la de los demandados está dividida por una vía pública, sí que también por haber adquirido dicha servidumbre por prescripción.

Una vez que los demandados ofrecieron prueba tendiente a demostrar que habían adquirido su propiedad libre de gravámenes, a los demandantes incumbía ofrecer prueba demostrativa de su derecho a la servidumbre. *Ramos* v. *Viejo,* 66 D.P.R. 642, y *Rosado* v. *Municipio,* 59 D.P.R. 740. Así lo hicieron éstos. La servidumbre de luces y vistas es continua y aparente y puede adquirirse mediante título o por prescripción de veinte años. *Iglesia Católica, etc.* v. *Combate Tobacco Corp.,* 42 D.P.R. 376. En este último caso el período prescriptivo empieza con el acto obstativo, es decir comienza a partir del día en que el dueño del predio dominante prohíbe por un acto formal al del predio sirviente la ejecución del hecho que sería lícito sin la servidumbre. *Ramos* v. *Viejo,* supra, *Díaz* v. *Pérez,* 56 D.P.R. 727 y *Díaz* v. *Guerra,* 18 D.P.R. 819. ¿Se ofreció en este caso prueba reveladora de tal acto obstativo, así como del transcurso de un período de veinte años a partir de dicho acto? La corte inferior llegó a esa conclusión y estamos de acuerdo con ella. El testigo *Joaquín Fajardo,* presentado por los demandantes, declaró por sobre la objeción de los demandados, luego de aprobarse una estipulación al efecto de que por escritura pública otorgada en 3 de diciembre de 1924 él adquirió de Raúl Antongiorgi un solar en la calle Luna de San Germán, lindante por el oeste con solar y casa de la Sucesión de Francisco Balzac, que cuando compró dicho solar allí no había casa alguna, habiendo él construído en enero de 1925 la que en la actualidad viven los demandados; que cuando trató de fabricar la aludida casa don Eustaquio Balzac habló con él y le dijo que si construía al lado de ellos le perjudicaba y le amenazó con llevarle a la corte, y que como él nunca se ha visto en los tribunales hizo la casa más allá y dejó un espacio grande por donde cabía un *truck.*

*Raúl Antongiorgi* se expresó en términos similares a como lo hizo Joaquín Fajardo, pero su testimonio no es en verdad tan definitivo y tiende más bien a demostrar que él y don Eustaquio hablaron en tono amistoso y que si desistió de construir en el solar que hoy ocupan los demandados ello se debió a que don Eustaquio le pidió que no fabricara cerca de ellos. Las manifestaciones de estos testigos respecto a la conversación por ellos tenida con un predecesor en título de los demandantes era admisible en evidencia. *Rodríguez* v. *Arocho,* 62 D.P.R. 700, 705 y casos en él citados. El testimonio de estos testigos, en particular el de Joaquín Fajardo, demuestra el acto obstativo que da origen a la prescripción en estos casos. Si dicho acto ocurrió en diciembre de 1924 y a partir de esa fecha se empezó a contar el término prescriptivo, resulta claro que para el mes de abril de 1946, cuando se radicó la contrademanda sobre negatoria de servidumbre, ya habían transcurrido más de los 20 años a que hace mención el artículo 473 del Código Civil.[3] Este error tampoco ha sido cometido.

██ Asimismo sostienen los apelantes que la corte de distrito erró al no resolver que ellos eran terceros. Este señalamiento no ha sido discutido en el alegato de los apelantes y por ese solo motivo podría ser desestimado. Ahora bien, no vemos en realidad cómo los demandados pueden alegar su condición de terceros cuando adquirieron su propiedad con pleno conocimiento de la existencia de las seis ventanas a que ya se ha hecho referencia. *Iglesia Católica* v. *Combate Tobacco Corp.,* supra.

██ Otro de los señalamientos es que la corte a quo erró al decir en su opinión que si este Tribunal le revocaba y determinaba que no existía una vía pública entre ambas propiedades, entonces desestimaba la contrademanda sobre negatoria de servidumbre a base de la existencia de un acto

[3]"Artículo 473.—Las servidumbres continuas y aparentes se adquieren en virtud de título, o por la prescripción de veinte años."

obstativo. Tampoco se ha cometido este error. Las Reglas de Enjuiciamiento Civil, aplicables a pleitos ordinarios como el presente, autorizan que se soliciten remedios alternativos. Regla 8($a$)($d$). Como los demandantes en contestación a la contrademanda alegaron la existencia de una vía pública entre las dos propiedades y la adquisición de la servidumbre de luces y vistas por prescripción y adujeron prueba para sostener ambas defensas, la corte estuvo justificada en discutir ambas cuestiones en su opinión y en resolver las mismas alternativamente.

Dadas las consideraciones anteriores, se hace innecesario determinar si la canal de desagüe existente entre las propiedades de los aquí litigantes era una vía pública y si fué un error no resolver nada sobre la mensura del solar de los apelantes.

*Debe confirmarse la sentencia apelada.*

El Juez Asociado Sr. De Jesús no intervino.